LINDY BARNETT, *Etc.*

v.

ROBERT WOLFOLK, *Etc., et al.*

(No. 12354)

Submitted January 20, 1965.    Decided February 23, 1965.

*H. D. Rollins,* for appellant.

*John T. Kay, Jr., Robert H. C. Kay, Philip A. Baer,* for appellees.

CALHOUN, JUDGE:

This case is before the Court on an appeal by the plaintiff from a final judgment rendered by the Circuit Court of

Cabell County in a civil action involving an insurance subrogation claim in the amount of $4,498.19. By an order entered on April 27, 1964, the trial court sustained a plea of *res judicata* and rendered judgment for the defendants.

The primary question presented for decision on this appeal involves the sufficiency of the plea of *res judicata*. This calls for a statement of the factual background which furnished the basis for the trial court's final judgment.

The traffic accident out of which this case arose occurred on U. S. Route 60 east of Huntington in Cabell County on May 3, 1957. Immediately before the time of the occurrence of the accident, Joseph Frederick McDonald was driving and operating westward on the highway a tractor-trailer truck owned by Robert Wolfolk, who was doing business as Huntington Mine Supplies and Service. The truck developed motor trouble and consequently was stopped on the highway at the place where the accident subsequently occurred.

Lindy L. Barnett, traveling on the same highway, approached the Wolfolk truck from its rear. He was then the owner of and was operating a tractor which was hauling a trailer owned by Point Express, Inc. Barnett undertook to pass the standing Wolfolk truck on its left side. At or about the time Barnett was in the act of doing so, McDonald alighted from the cab of the Wolfolk truck on its left side. In these circumstances, according to Barnett's contention, he drove his vehicle to his right in an effort to avoid striking McDonald and, as a consequence, his vehicle collided with the Wolfolk vehicle. Severe damage resulted to the Wolfolk tractor and trailer; to the trailer owned by Point Express, Inc.; and to the Barnett tractor which was hauling the Point Express trailer. In addition, Barnett sustained serious bodily injuries. No effort is made here to state accurately the facts which caused the accident. We are not concerned on this appeal with questions pertaining to negligence or due care.

Three civil actions resulted from the accident: (1) Barnett instituted an action against Wolfolk and his employee-

driver, McDonald, to recover for his bodily injuries and for the property damage caused to his tractor; (2) Point Express, Inc., owner of the trailer which Barnett was hauling, instituted an action against Wolfolk and his employee-driver, McDonald, to recover for damages caused to its trailer; and (3) Wolfolk instituted an action against Point Express, Inc., to recover for damage caused to his tractor and trailer.

Barnett carried collision insurance on his tractor with American Hardware Mutual Insurance Company. This insurance company made settlement with Barnett in the sum of $4,498.19 for damage caused to his tractor and took from Barnett an assignment of his claim. This settlement and assignment form the basis of the insurance subrogation action which is involved on this appeal. It was in this action that the trial court sustained the plea of *res judicata* and rendered the judgment in favor of the ·defendants from which this appeal is prosecuted.

The case of Point Express, Inc. v. Wolfolk and McDonald and the case of Wolfolk v. Point Express, Inc., were consolidated for trial. A jury trial of the consolidated actions in May, 1959, resulted in a verdict by which the jury found that none of the parties was entitled to recover. Judgment was entered on that verdict. In connection with the plea of *res judicata,* we note at this point that Lindy L. Barnett was not a party to either of the consolidated actions, though he testified as a witness at the trial.

Attorney Robert E. Douglas, of Charleston, was employed by American Hardware Mutual Insurance Company in relation to the claim for property damage caused to Barnett's tractor. Attorney Carroll W. Casto, of Point Pleasant, represented Barnett in relation to his personal injury claim. The two attorneys conferred and collaborated in the institution of the original action in behalf of Barnett.

Attorney Robert H. C. Kay, of Charleston, was one of counsel employed by Carolina Casualty Company with which Wolfolk carried a public liability and property damage policy of insurance covering his tractor-trailer truck.

In the original case of Lindy L. Barnett v. Wolfolk and McDonald, a settlement was made of Barnett's personal injury claim and an order was entered on September 14, 1959, which dismissed the action in its entirety. Present at the time of the dismissal were Attorney Kay in behalf of Wolfolk's insurer and Attorney Casto, who represented Barnett in relation to his personal injury claim. Attorney Douglas, who represented Barnett's insurer in relation to Barnett's property damage claim, was at that time away from his home and office on vacation and, therefore, he was not present when the dismissal order was entered.

When Attorney Douglas returned from his vacation and learned of the dismissal order, he moved the trial court to vacate the order. This motion was overruled by the court on October 30, 1959.

During the course of the argument of the motion to vacate the dismissal order, there was a discussion among the trial judge and counsel concerning the possibility of the institution of an insurance subrogation action such as that involved on this appeal. In that connection, Attorney Kay, in behalf of Carolina Casualty Company, agreed not to plead the statute of limitations if a subrogation action were subsequently instituted. An order was entered by the court which contained the following language:

> "* * * that an agreement, reduced to writing, was entered into between Lindy Barnett, Carroll Casto and Robert H. C. Kay that the defendants would not plead as a defense the statute of limitations in any suit hereafter brought by the American Hardware Mutual Insurance Company or by Lindy Barnett to collect the subrogation claim of American Hardware Mutual Insurance Company against the defendants which understanding counsel for the defendants reiterate and ask that such agreement and understanding be and the same is made a part of the record in this case * * *."

Wolfolk and McDonald filed an answer to the complaint in the subrogation action in which, among other defenses, they relied on the doctrine of *res judicata*. Subsequently, they filed an amended answer in which they alleged that the or-

der which recorded the agreement not to plead the statute of limitations was entered in November, 1959; that the plaintiff thereafter delayed the institution of the subrogation action until May 16, 1963; and that the plaintiff was guilty of laches in delaying the institution of the subrogation action "until it felt that the attorneys representing Wolfolk and McDonald would have destroyed their files showing the results of their investigation and their notes and information" in relation to the trial of the consolidated actions.

In support of the defense of laches, Attorney Kay filed an affidavit in which he stated that Attorney Douglas advised him that he was not going to institute a subrogation action but that he intended to appeal to this Court from the action of the trial court in entering and refusing to vacate the dismissal order of September 14, 1959; and that after the lapse of one year from the date of the entry of the dismissal order, all of the affiant's files, data, information and notes in connection with the case were destroyed. A similar affidavit by the legal examiner for the Carolina Casualty Company was filed in relation to the destruction of his files. A counter-affidavit executed on March 31, 1964, by Robert E. Douglas was filed. The three affidavits were, by orders of the trial court, made a part of the record.

The Douglas affidavit contains the following statement: "This affiant told Mr. Kay he was leaving on a two-week vacation, and Mr. Kay assured this affiant that nothing would be done until he had gotten back in touch with this affiant." The Douglas affidavit states further that Attorney Kay called the affiant's office approximately six months following the entry of the final order and that the two attorneys discussed "the future course of action to be taken"; that the affiant considered the merits of an effort to appeal from the action of the trial court; that he later concluded that the most appropriate course would be to file a new action; and that he "undertook to prepare a new complaint and also undertook to locate Mr. Joe McDonald", the driver of the Wolfolk truck. The Douglas affidavit contains this additional statement: "Your affiant fails to believe that Mr. Kay could have had any other understanding about the pur-

suit of this claim by American Hardware Mutual Insurance Company, and it is further inconceivable to this affiant to believe that Mr. Kay did within a few months thereafter destroy his file containing all of his pertinent papers in this matter."

In connection with the final judgment, the judge of the trial court prepared a written opinion which was made a, part of the record. We are authorized to consider that opinion to determine the reason or reasons for the trial court's ruling. *Rollins* v. *Daraban,* 145 W. Va. 178, pt. 2 syl., 113 S. E. 2d 369.

The trial court, citing *Marguerite Coal Co. et al.* v. *Meadow River Lumber Co. et al.,* 98 W. Va. 698, 702, 127 S. E. 644, 646, pointed out the four essentials of *res judicata* as follows: (1) Identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made. To the same effect see, *Daugherty* v. *Ellis,* 142 W. Va. 340, pt. 1 syl., 97 S. E..2d 33; *Hannah* v. *Beasley,* 132 W. Va. 814, syl., 53 S. E. 2d 729; *Carper* v. *Montgomery Ward & Co.,* 123 W. Va. 177, 180, 13 S. E. 2d 643, 645; *Collins* v. *Treat,* 108 W. Va. 443, 451, 152 S. E. 205, 209.

In his opinion the trial judge frankly stated that the doubtful element in relation to the plea of *res judicata* was the "identity of persons and of parties to the action." He observed, however, that Barnett's "acts of vehicle operation * * * were directly in issue and were then being tried by the jury. The jury certainly held that Barnett was negligent, barring his principal from recovery." The opinion states further that the effect of the jury verdict was to convict both drivers of negligence and that to permit a recovery by the plaintiff in this case "would result in an absurdity and an unexplainable result."

Doubtless there is considerable force and logic in the trial judge's reasoning in this respect. Our responsibility nevertheless, is to determine whether the plea of *res judicata* is sufficient when measured by the yardstick of legal principles

which have been stated and reiterated by this Court in many prior decisions. The fact remains that Barnett was not a party to either of the consolidated actions. We cannot assume that the evidence on a trial of the subrogation action would be weaker or stronger either for the plaintiff or for the defendants.

"A judgment binds only parties and privies, not strangers to it. Against strangers it is not evidence to prove any facts involved in the judgment." *United Fuel Gas Company et al.* v. *Hays Oil & Gas Company et al.*, 111 W. Va. 596, pt. 4 syl., 163 S. E. 443. To the same effect, see *Chilton* v. *White*, 72 W. Va. 545, pt. 4 syl., 78 S. E. 1048; *Smith* v. *White*, 63 W. Va. 472, pt. 1 Syl., 60 S. E. 404; 8 M.J., Former Adjudication or Res Adjudicata, Section 14, page 588. "A decree in equity perpetuating an injunction against defendant from trespass and the cutting of timber on land is not binding on a co-tenant or tenant in common, not a party, and against whom no allegation is made in the bill." *Rock House Fork Land Company* v. *Gray et al.*, 73 W. Va. 503, pt. 6 syl., 80 S. E. 821. One is not deemed a party to an *in personam* proceeding merely because he was present at the hearing or trial and cross-examined witnesses. *Unemployment Compensation Commission* v. *Harvey*, 179 Va. 202, 18 S. E. 2d 390. The mere fact that a person appeared as a witness in the former judicial proceeding does not make him a party thereto within the meaning of the rule under consideration. 50 C.J.S., Judgments, Section 786, page 321; *Coffman* v. *Hope Natural Gas Company*, 74 W. Va. 57, 59, 81 S. E. 575; *Gentry* v. *Farruggia*, 132 W. Va. 809, 53 S. E. 2d 741. The meaning of the word "privity", when used in this connection, has been defined in the syllabus of *Cater* v. *Taylor*, 120 W. Va. 93, 196 S. E. 558, as follows: "Privity, in a legal sense, ordinarily denotes 'mutual or successive relationship to the same rights of property.'"

Counsel for the plaintiff in the present case rely on *Gentry* v. *Farruggia*, 132 W. Va. 809, 53 S. E. 2d 741. In that case a taxicab owned by Joe Bengey and driven by his servant, Chester Gentry, collided with a truck owned and operated by Charles Farruggia. Bengey sued Farruggia to recover

for damage caused to the taxicab. At the trial, Gentry testified as a witness. A verdict was rendered in favor of Farruggia and a judgment was entered on that verdict. In the action of *Gentry* v. *Farruggia* to recover damages for personal injuries, the trial court sustained a plea of *res judicata* filed by Farruggia. On appeal, this Court reversed the judgment of the trial court and in so doing held that the plea of *res judicata* was not sufficient to bar recovery by Gentry. In the second point of the syllabus the Court stated: "Under the principle of *res judicata* the relationship of principal and agent does not *per se* establish a privity of interest." The opinion contains extensive reasoning to support the Court's holding, including the following (132 W. Va. at page 812, 53 S. E. 2d at page 743): "*Res judicata* works both ways or not at all. If the judgment in the first action against Farruggia had resulted in a judgment in the plaintiff's favor, would this plaintiff now have a fixed right to also recover against Farruggia? Would this plaintiff be entitled to a judgment based upon the mere proof of the former recovery? We think not." As to the necessity of the element of mutuality of estoppel by prior judgment, see *Bell* v. *Bell,* 84 W. Va. 307, pt. 3 syl., 99 S. E. 450. It is interesting to note that on the same day the opinion in the *Farruggia* case was announced, the Court also announced the opinion of *Hannah* v. *Beasley,* 132 W. Va. 814, 53 S. E. 2d 729, in which principles pertaining to *res judicata* are stated at length.

The *Gentry* case was not called to the attention of the trial court when the plea of *res judicata* was being considered and decided. Counsel for the defendants in oral argument in this Court stated, with commendable and becoming forthrightness, that, in his opinion, the trial court, in the light of the decision of this Court in the *Gentry* case, was in error in sustaining the plea of *res judicata.* Counsel for the defendants, however, contend that the trial court correctly decided the case but not for the reason assigned by it. In this connection counsel rely on the well-settled principle that this Court may affirm the judgment of the trial court where it is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the

trial court for its judgment. *State ex rel. Dandy* v. *Thompson*, 148 W. Va. 263, pt. 5 syl., 134 S. E. 2d 730; *Rollins* v. *Daraban*, 145 W. Va. 178, pt. 5 syl., 113 S. E. 2d 369; *Central Trust Co.* v. *Mullens Realty & Insurance Co.*, 107 W. Va. 650, pt. 3 syl., 150 S. E. 12; *Depue* v. *Miller*, 65 W. Va. 120, pt. 3 syl., 64 S. E. 740; *Ballard* v. *Chewning*, 49 W. Va. 508, pt. 3 syl., 39 S. E. 170; *Shrewsbury* v. *Miller*, 10 W. Va. 115, pt. 3 syl.; 5 C.J.S., Appeal & Error, Section 1464 (1), page 651; 5 Am. Jur. 2d, Appeal and Error, Section 727, page 170. In this connection, counsel for the defendants urge that the defense of equitable estoppel was raised by the amended answer, though inappropriately designated therein as laches; and that this Court should affirm the judgment of the trial court on this ground.

It is not denied that counsel representing American Hardware Mutual Insurance Company was out of the state on vacation at the time the dismissal order was entered in the trial court. This is the unfortunate circumstance which gave rise to the misunderstanding between counsel as disclosed by the affidavits; and which furnished a background for the defense of laches or equitable estoppel.

Perhaps it was in recognition of the fact that it was unusual or irregular to enter the dismissal order in the absence of counsel that it was agreed that there would be no plea of the statute of limitations interposed to any insurance subrogation action which might be instituted thereafter. As a matter of fact, the two-year period of limitation prescribed by Code, 1931, 55-2-12, as amended, applicable to actions to recover damages to personal property, had already run at the time the pending action was dismissed. The agreement not to plead the statute of limitations was without qualification. That is to say, the agreement could have been conditioned upon the institution of an insurance subrogation action within a specified time thereafter; but no such limitation or condition was made a part of the agreement. No part of the agreement bound Barnett or American Hardware Mutual Insurance Company to institute the action within any specified time.

While it is asserted on one side and denied on the other that counsel representing the insurance subrogation claim stated his intention to appeal to this Court rather than to institute a new action, the assertion cannot reasonably be construed as more than a statement of a mere purpose or intention. It cannot be discerned from any of the affidavits that Attorney Douglas was undertaking to agree or to bind himself to pursue one course or the other or that his language reasonably could have been so understood or construed by opposing counsel. It does not appear from the record that counsel for the defendants, before destroying their files, made further inquiry or that they asked for further assurance of opposing counsel that no insurance subrogation action would be instituted. Considering the circumstances of the case in their entirety, we believe that counsel for the defendants acted at their peril in destroying their files and in inducing their client to do so; and that the defense of equitable estoppel has not been established sufficiently to bar the action.

The defense of equitable estoppel is available at law as well as in equity. *Harris* v. *Coliver*, 105 W. Va. 174, pt. 3 syl., 141 S. E. 791. "To raise an equitable estoppel there must be conduct, acts, language or silence amounting to a representation or a concealment of material facts." *Greco* v. *Meadow River Coal and Land Co.*, 145 W. Va. 153, pt. 5 syl., 113 S. E. 2d 79; *Stuart* v. *Lake Washington Realty Corporation*, 141 W. Va. 627, pt. 7 syl., 92 S. E. 2d 891. To the same effect see *Kimble* v. *Wetzel Natural Gas Co.*, 134 W. Va. 761, 769, 61 S. E. 2d 728, 733. It has been held that there can be no estoppel in the "absence of fraud or intentional wrong" on the part of the person to be estopped; and that the conduct "must be done with the expectation that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon." *Spradling* v. *Spradling*, 118 W. Va. 308, pt. 3 syl., and page 315, 190 S. E. 537, and page 541. "An estoppel does not arise merely because of action taken upon a misleading statement. In addition thereto, it must appear that the one making the statement intended or should reasonably have

expected that it would be acted upon by the other party, and that such party, without fault himself, did act upon it to his prejudice." *Bank of Sutton* v. *Skidmore,* 113 W. Va. 25, pt. 3 syl., 167 S. E. 144. See also *Ballard* v. *Kitchen,* 128 W. Va. 276, 36 S. E. 2d 390; 7 M.J., Estoppel, Section 14, page 260; 31 C.J.S., Estoppel, Section 59, page 367. "It is essential to an estoppel by conduct that the party claiming to have been influenced by the conduct of another should not only be destitute of information as to the matter to which such conduct relates, but also without convenient and available means of acquiring such information." *Atkinson* v. *Plum,* 50 W. Va. 104, pt. 5 syl., 40 S. E. 587. "An estoppel cannot be based upon an uncertain state of facts." *Werner* v. *Hopkins et al.,* 117 W. Va. 727, pt. 2 syl., 188 S. E. 128; *Wallace* v. *St. Clair,* 147 W. Va. 377, pt. 5 syl., 127 S. E. 2d 742. "The burden is on the asserter of an estoppel in pais, to prove his reliance on, and injury from, the representations or conduct of the one against whom the estoppel is claimed." *Brotherhood Investment Co.* v. *McArthur et al.,* 110 W. Va. 326, pt. 2 syl., 158 S. E. 175; *Wallace* v. *St. Clair,* 147 W. Va. 377, pt. 6 syl., 127 S. E. 2d 742.

For reasons stated, the judgment of the Circuit Court of Cabell County is reversed and the case is remanded to that Court for such further proceedings, consonant with this opinion, as may be proper.

*Reversed and remanded.*