# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Amy Cline,**
**Petitioner Below, Petitioner**

**FILED**

April 13, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 14-0487** (Mingo County 12-C-179)

**Lori Nohe, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Amy Cline, by counsel Karen Hatfield, appeals the Circuit Court of Mingo County's April 22, 2014, order that denied her petition for writ of habeas corpus. Respondent Lori Nohe, Warden, by counsel Derek Knopp, filed a response in support of the circuit court's order. On appeal, petitioner argues that she received ineffective assistance of counsel; that there was insufficient evidence to sustain her conviction; and that she received a more severe sentence than expected.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2007, a Mingo County Grand Jury indicted petitioner for two counts of first degree sexual assault and two counts of sexual abuse by a custodian. Prior to trial, the State dismissed both counts of sexual abuse by a custodian. In June of 2007, the circuit court granted a mistrial as a result of a hung jury. In August of 2007, the circuit court held petitioner's second trial. At the close of evidence, the jury convicted petitioner guilty of two counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3. In September of 2007, the circuit court sentenced petitioner to two consecutive terms of fifteen to thirty-five years in prison.

Thereafter, petitioner filed a direct appeal with this Court, which was refused. In March of 2013, petitioner filed a petition for writ of habeas corpus. After holding an omnibus evidentiary hearing, the circuit court denied petitioner habeas relief. Petitioner now appeals to this Court.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First, petitioner argues that the circuit court erred in denying her habeas relief because she received ineffective assistance of counsel. In support, petitioner alleges that her trial counsel failed to call a key witness during trial. Petitioner contends that the witness would have testified that petitioner was never left alone with the victim and that petitioner was in a custody dispute with her grandmother, who implicated petitioner in the underlying crimes. We have previously held that

"[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 1, *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006). We have further held that "[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his [or her] conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). During the omnibus evidentiary hearing, petitioner acknowledged that her trial counsel chose not to call this alleged key witness based on his trial strategy. The record is devoid of any proof as to what additional information this witness would have testified to at trial beyond petitioner's self-serving statements.[1] Nevertheless, a review of the trial transcript reveals that petitioner's trial counsel elicited substantially similar testimony from a different witness during the underlying criminal trial. Therefore, we find that the circuit court did not err in denying petitioner's claim that she received ineffective assistance of counsel.

Next, petitioner argues that there was insufficient evidence to support her conviction for first degree sexual assault. Specifically, petitioner argues that the victim's testimony was inconsistent between the first and second trial and that two experts testified that the victim's symptoms of sexual assault could have been caused by other factors.

We have previously held as follows:

---

[1]Petitioner did not call the alleged key witness during the omnibus evidentiary hearing.

"A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syllabus Point 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Foster*, 221 W.Va. 629, 656 S.E.2d 74 (2007).

This Court has stated that "a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *State v. Guthrie*, 194 W.Va. 657, 669-70, 461 S.E.2d 163, 175-76 (1995). To obtain convictions on the charges for sexual assault in the first degree, the State had to prove that petitioner was at least fourteen years old, that she engaged in sexual intercourse or intrusion with the victim, and that the victim was younger than twelve years old at the time. The State introduced evidence to support each of these elements. The parties do not dispute the relevant ages. The victim's treating physician testified that she stated that petitioner "pushed her down on the bed and held her down and started touching her vaginal area," and that petitioner "inserted her fingers into her vaginal area." Thus, the evidence was sufficient to sustain petitioner's conviction.

As to petitioner's contention that the victim's testimony was inconsistent during the first and second trial, this Court has held that "'[a] new trial will not be granted in a criminal case on the ground of insufficiency of the evidence, when the verdict against the defendant is based on conflicting oral testimony and the credibility of witnesses is involved, or when the verdict is supported by substantial evidence.' Syllabus point 3 of *State v. Vance,* 146 W.Va. 925, 124 S.E.2d 252 (1962)." Syl. Pt. 1, *State v. Ross*, 184 W.Va. 579, 402 S.E.2d 248 (1990). Furthermore, "'[t]he jury is the trier of the facts and in performing that duty it is the sole judge as to the weight of the evidence and the credibility of the witnesses.' Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967)." Syl. Pt. 2, *State v. Martin*, 224 W.Va. 577, 687 S.E.2d 360 (2009). For the reasons already stated above, it is clear that the evidence was sufficient to support petitioner's conviction.

Finally, this Court finds no merit to petitioner's argument that she received a more severe sentence than expected. To begin, we note that the circuit court correctly denied petitioner relief on this issue, but for the wrong reason. "This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965). This Court has held that:

Under the provisions of Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, commonly known as 'Post-Conviction Habeas Corpus,'there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance.

Syl. Pt. 1, *Ford v. Coiner*, 156 W.Va. 362, 196 S.E.2d 91 (1972). This Court has also held that "[i]n a habeas corpus proceeding under Chapter 53, Article 4A, Code of West Virginia, 1931, as amended, the burden of proof rests on petitioner to rebut the presumption that he intelligently and knowingly waived any contention or ground for relief which theretofore he could have advanced on direct appeal." Syl. Pt. 2, *Id*. Here, petitioner failed to assert this claim on her direct appeal. Further, petitioner fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. Accordingly, the Court finds that petitioner, who was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. Therefore, this issue is deemed waived.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 13, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II