No. 19-0939 - *IN RE: I.S.A.*

**FILED**
**November 18, 2020**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Armstead, C.J., dissenting:

In this appeal in which the Petitioner, I.S.A., seeks expungement of his criminal record, the majority has found that the circuit court abused its discretion in finding that I.S.A. entered a plea of guilty and in finding, "without evidentiary support" that I.S.A.'s alleged actions were contrary to the interests of public safety. The majority also has found that the circuit court abused its discretion "in failing to hold a hearing under the particular circumstances presented by this case." Because I believe that the circuit court acted well within the discretion granted it by West Virginia Code § 61-11-25 (2012) when it denied I.S.A.'s request for expungement as "contrary to the interests of public safety," I respectfully dissent.

In reaching its decision to reverse the circuit court, I believe the majority has undermined the inherent discretion contained in West Virginia Code § 61-11-25. In addition, while it attempts to limit its holding that I.S.A. was entitled to a hearing to the specific facts in this case, the majority ignores the clear language of the statute that expressly states that the circuit court "may" hold such a hearing. By requiring a hearing in this case, the majority acted contrary to the statute. Moreover, without any specific guidance as to the circumstances which require such a hearing, the majority has substituted its judgement for that of the Legislature and muddied the water as to the process to be followed in expungement matters.

1

West Virginia Code § 61-11-25 provides in relevant part:

(a) Any person who has been charged with a criminal offense under the laws of this state and who has been found not guilty of the offense, or against whom charges have been dismissed, and not in exchange for a guilty plea to another offense, may file a civil petition in the circuit court in which the charges were filed to expunge all records relating to the arrest, charge or other matters arising out of the arrest or charge . . . .

. . . .

(c) Following the filing of the petition, the court *may* set a date for a hearing. *If the court does so*, it shall notify the prosecuting attorney and the arresting agency of the petition and provide an opportunity for a response to the expungement petition.

(d) If the court finds that there are no current charges or proceedings pending relating to the matter for which the expungement is sought, the court *may* grant the petition and order the sealing of all records in the custody of the court and expungement of any records in the custody of any other agency or official including law enforcement records. . . .

(emphasis added). This statute does not provide an applicant with an automatic right to an expungement or to the right to have a hearing on his or her application. In enacting the expungement statute, the Legislature has clearly guarded the circuit judge's discretion to consider the facts of the case and determine if the expungement is appropriate.

Had the Legislature intended to limit such discretion, it certainly could have expressly done so by outlining the specific outcomes available for the court to impose and the specific findings the court would be required to make when denying an application for expungement. Indeed, unlike the language of West Virginia Code § 61-11-25, the Legislature provided such a framework in relation to expungements for criminal

convictions in West Virginia Code § 61-11-26(i) (2020), in which the Legislature set forth a specific procedure for determining whether applications should be granted pursuant to that statute:

> (i) Court procedure for petition for expungement. — Within 60 days of the filing of a petition for expungement the circuit court shall:
>
> (1) Summarily grant the petition;
> (2) Return the petition to the petitioner to supply incomplete information or correct obvious errors in order to permit consideration of the petition on its merits;
> (3) Set the matter for hearing; or
> (4) Summarily deny the petition if the court determines the petition discloses on its face or, based upon supporting documentation and sworn statements filed in opposition to the petition, discloses that the petitioner, as a matter of law, is not entitled to expungement.

It is significant that West Virginia Code § 61-11-25, at issue in this case, contains no such framework.

The majority opinion focuses primarily upon the circuit court's finding, which the majority concludes was erroneous, that the dismissal of I.S.A.'s felony charge was in exchange for a plea of guilty to the misdemeanor offense in Case No. 17-M20M-02134. Having rejected the circuit court's finding regarding the dismissal of the felony charge as being in exchange for a guilty plea, the majority gives little weight to, and provides little discussion of, the circuit court's alternative ruling that the "serious nature" of the charged offense rendered granting the expungement "contrary to public interest and public safety." Indeed this finding by the circuit court is essentially disregarded by the majority and dismissed with the cursory statement that because the circuit court erred in

3

finding the dismissal was in exchange for a plea of guilty, "there are no established facts on the record to support the circuit court's conclusion that I.S.A.'s actions were contrary to the interest of public safety."

However, the fact that the circuit court may have erred when it found that I.S.A. pled guilty to the misdemeanor charge does not undermine its alternative discretionary finding that an expungement is contrary to public interest and public safety. Affirming the circuit court's denial of I.S.A.'s petition on the this alternative ground is consistent with our prior holding that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." See Syl. Pt. 8, *State v. Payne*, 225 W.Va. 602, 694 S.E.2d 935 (2010) (citing Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)). Here, the circuit court exercised its discretion pursuant to the statute and specifically found, in Paragraph 6 of the Conclusions of Law contained in its order, that:

> It is contrary to public interest and public safety to grant the *Petition for Expungement* due to the serious nature of the charged event and the potentially deadly consequences to either the shoplifter, or any innocent bystander, like the KRT bus driver who was nearby, that comes with discharging a firearm under the circumstances herein, as alleged in the criminal complaint that forms the genesis for these proceedings.

The record certainly supports this finding. The Criminal Complaint in the misdemeanor case for which the Petitioner seeks expungement, Case No. 17-M20M-02134, alleges the following conduct:

4

On the above date the above defendant did commit the above offense by firing a single round from his handgun, a Taurus 9mm, while outside of the Shop and Go located at, [sic]1503 Washington Street East. The defendant was chasing a shoplifter at the time and stated he was attempting to get him to stop, when he fired the shot. This complaint is based on video surveillance viewed at the store, as well as a statement provided by defendant after he was mirandized. It is uncertain at this time if the shot was fired into the air as the defendant said, or in the direction of the shoplifter. There were several individuals outside at the time of the incident, as well as a KRT Bus Driver Krystal Honaker. This offense occurred in the City of Charleston, in Kanawha County, West Virginia.

J.A. 9. Based on such complaint, the magistrate assigned to the matter found probable cause existed, as indicated on the Criminal Complaint form. J.A. 8.

While certain specific facts may be in dispute, the relevant facts and the general nature of the Petitioner's actions are not. Indeed, even the Petitioner, in his Appellant's Brief filed with this Court, admitted through his counsel to "foolishly" firing his pistol while giving chase to a shoplifter on the night in question. Specifically, the Appellant's Brief states that "[t]he relevant procedural history establishes that on February 27, 2017, [I.S.A.], then-general manager of a convenience store in Charleston's East End, gave chase to a fleeing shoplifter, raised his pistol to the sky and discharged the gun in a foolish attempt to scare the man to stop." Appellant's Br. 2.

The record before the circuit court was certainly sufficient for the court to conclude, as it did, that it was "contrary to public interest and public safety" to grant the petition for expungement. More importantly, it was fully within the circuit court's discretion, pursuant to West Virginia Code § 61-11-25, to make such finding based on the record before it.

5

The circuit court also had the discretion pursuant to West Virginia Code § 61-11-25 to determine whether a hearing was necessary for it to make such ruling. The majority, ignoring the discretionary language of West Virginia Code § 61-11-25, erroneously determined that the circuit court was required to hold a hearing. The majority's reasoning on this point is sparse. It appears to find that, because the circuit court erred in its determination that I.S.A. had entered a plea of guilty to the misdemeanor charge, it somehow lacked an evidentiary basis for its discretionary finding that the facts of the case did not warrant expungement.[1] The court then proceeded to find that '[d]ue to the lack of evidentiary support for the circuit court's ruling, we find that, under the particular circumstances presented in this case, a hearing is warranted." The majority's analysis ignores the fact that the circuit court's findings related to the purported guilty plea and its findings that an expungement was "contrary to public interest and public safety" were two

---

[1] There is evidence in the record that I.S.A's decision to enter into a deferral agreement as to the misdemeanor charge played a role in the court's dismissal of the felony charge in Case No.17-M20F-00458. Indeed, the Criminal Judgment Order entered on March 10, 2017, dismissing the charges in Case No. 17-M20F-00458 includes the notation "Plead to misd 17M-2134". J.A. 7. However, it appears from the pleadings in this matter that at least one of I.S.A.'s chief concerns is that the circuit court found that he had pled "guilty" to the misdemeanor charge in Case No. 17-M20M-02134. I agree with the majority that the record does not contain any document whereby I.S.A. specifically pled "guilty" to this charge. To the extent it is important to I.S.A. that the record should reflect that there is no such document, I do not disagree with the majority's specific finding in this regard.

Nonetheless, as set forth herein, even if the circuit court erred in finding that the dismissal of the felony charge of wanton endangerment involving a firearm was in exchange for a plea of guilty to the misdemeanor charge, it did not err in denying I.S.A.'s petition based upon it's discretionary finding that an expungement in this case was "contrary to public interest and public safety."

entirely separate and independent grounds for its holding. Indeed, the circuit court expressly found, in Paragraph 9 of its Conclusions of Law, that:

> The fact that the Petitioner entered into a plea agreement with the State and that said plea agreement was accepted by the Magistrate has no effect or implication upon the statutory discretion granted to and exercised by this Court in reviewing petitions for expungement.

The majority, perhaps recognizing the potential impact of its holding requiring a hearing in this case, inserted a footnote stating, "[o]ur ruling is based upon the particular facts of this case, including the erroneous and factually unsupported findings of the circuit court. This case should not be interpreted as requiring a hearing with respect to all petitions seeking expungement." (see Majority's Op., n.10). Other than the circuit court's finding that the Petitioner pled guilty to the misdemeanor charge, which is irrelevant to the circuit court's discretionary finding that an expungement was contrary to the public interest and public safety, the majority does not elaborate on what findings it believes were "erroneous and factually unsupported." In fact, it would be difficult to identify such findings in light of the fact that I.S.A.'s own brief filed in this Court acknowledges that he "gave chase to a fleeing shoplifter, raised his pistol to the sky and discharged the gun in a foolish attempt to scare the man to stop."

What is even more troubling is the fact that the majority's determination that a hearing was required in this case is not only inconsistent with the discretion granted to the circuit court, it provides circuit courts little guidance as to when such hearings are, in fact, required. I can envision future applicants for expungement arguing that the majority's opinion should be read as requiring the circuit court to essentially try the criminal case that

7

has been dismissed in order to determine if the evidence rises to the level of rejecting an expungement request. That is clearly not what the expungement statute requires. The majority has interjected a new requirement not contained in West Virginia Code § 61-11-25, and has failed to clearly outline when such new requirement applies.

I believe that the circuit court properly exercised the discretion granted to it by the expungement statute, and found, based on the complaint and the supporting evidence before it (the primary and relevant portions of which are unrefuted by I.S.A), that I.S.A.'s conduct was "contrary to public interest and public safety." Accordingly, I respectfully dissent from the majority's holding and would affirm the circuit court's denial of I.S.A.'s expungement petition.