**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.G. and K.G.**

**No. 22-0270** (Wood County 21-JA-253 and 21-JA-254)

**MEMORANDUM DECISION**

Petitioner Father K.C., by counsel Travis Sayre, appeals the Circuit Court of Wood County's March 24, 2022, order terminating his parental rights to C.G. and K.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Erica Brannon Gunn, filed a response on behalf of the children in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the current proceedings, petitioner was involved in an abuse and neglect proceeding involving the same children in Roane County. In that proceeding, the children's mother's parental rights were terminated upon her failure to remedy the conditions of abuse and neglect, namely her substance abuse while pregnant with the infants. Petitioner successfully completed an improvement period, which included a requirement that he protect the children from the mother because of the termination of her rights and her continued substance abuse. On November 15, 2021, the Circuit Court of Roane County granted petitioner custody of his children and dismissed the proceedings.

On the same day the children were returned to his care, the DHHR removed the children from petitioner's custody because he *immediately* allowed the mother to have contact with the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

children. According to the court, petitioner admitted "that not more than five minutes after the children were returned to his physical custody he violated the orders of the [c]ourt regarding contact" with the mother. The DHHR found the mother in petitioner's home and, three days later, she overdosed on a controlled substance there. As a result, the DHHR filed a new abuse and neglect petition against petitioner based on his failure to protect the children.

In February of 2022, the court heard petitioner's motion for a preadjudicatory improvement period, which it denied. The court also adjudicated petitioner of neglecting the children. Then, as agreed to by the parties, the court proceeded to an accelerated disposition. Based on the fact that petitioner immediately violated the conditions of the children's return, thereby endangering them by exposing them to a parent whose rights were terminated and who continued to abuse drugs, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was necessary for their welfare, especially given that the children had been in foster care for almost the entirety of their lives. As such, the court terminated petitioner's parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the court erred in denying his motion for a preadjudicatory improvement period. Petitioner attempts to downplay his blatant violation of the prohibition against contact with the mother by arguing that the children were not mentally or physically harmed during their exposure to the mother. This argument, however, has no bearing on whether an improvement period was appropriate. Given that petitioner willfully chose to violate the prohibition on contact with the mother roughly five minutes after they were returned to his custody, it is clear that the court was correct in finding that there were no services that could correct this issue. Accordingly, we find no error in the circuit court's denial of petitioner's motion for an improvement period, as it is clear that he was unable to abide by simple, clear orders designed to

---

[2]The permanency plan for the children is adoption in the current placement.

2

ensure the children's safety. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (granting circuit courts discretion to deny an improvement period when no improvement is likely).

Next, petitioner argues that it was error to adjudicate him because he only permitted the children to see the mother one time. This argument is not compelling; the fact that the DHHR was able to quickly identify petitioner's endangerment of the children should not serve to benefit petitioner. It is uncontroverted that petitioner willfully violated the order prohibiting contact with the mother, an individual whose rights were terminated and who continued to abuse drugs, including in petitioner's home three days after the children's removal. It is also uncontroverted that petitioner was repeatedly instructed not to allow such contact, although he argues on appeal that "he did not grasp the full depth of the seriousness of this court order." In short, petitioner's conduct threatened the children's physical and mental health because of his failure to properly supervise them. *See* W. Va. Code § 49-1-201 (defining "neglected child," in part, as one "[w]hose physical or mental health is . . . threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . supervision"). Accordingly, we find no error in petitioner's adjudication.[3]

Finally, petitioner raises two assignments of error in which he asserts that it was error for the circuit court to deny him a post-adjudicatory improvement period. However, it is unnecessary to address these specific arguments because petitioner has failed to cite to any portion of the record demonstrating that he filed a written motion for a post-adjudicatory improvement period.[4] Although petitioner filed a motion for a preadjudicatory improvement period, which was denied, we have recently explained that "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 5, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021). Because petitioner fails to cite to any portion of the record to establish that he filed a motion for a post-adjudicatory improvement period, he cannot be entitled to relief. Further, we note that petitioner raises no assignment of error in regard to the termination of his parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 24, 2022, order is hereby affirmed.

---

[3]Petitioner urges this Court to apply to the facts of this case its reasoning from *In re Lilith H.*, 231 W. Va. 170, 744 S.E.2d 280 (2013), in which we found that a single instance of a child witnessing domestic violence between the father and a member of the extended family did not constitute abuse and/or neglect. We decline to do so because the facts of petitioner's appeal differ in important ways from that case, including the fact that, although petitioner was explicitly instructed to protect the children from the mother, he exposed them to her at the first opportunity after their return to his care.

[4]"This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965).

                                                        Affirmed.

**ISSUED**: September 20, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn