# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**LARRY BERT GRAY,**
**Claimant Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**   **No. 22-ICA-184**   (JCN: 2003036247)

**PERFORMANCE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Larry Bert Gray appeals the September 23, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Performance Coal Company, ("Performance Coal") filed a timely response.[1] Petitioner did not file a reply.

The issue on appeal is whether the Board erred in affirming the claim administrator's denial of lumbar epidural injections at L5-S1, lumbar facet injections, and cervical facet injections at C5-C6, C6-C7, and C7-T1.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gray sustained a workplace injury on January 20, 2003, when he fell down steps and suffered a leg contusion, neck sprain, and low back sprain. The claim administrator held these conditions compensable. A month later, MRIs were performed that showed degenerative conditions and a bulging disc at C3-C4, a minimal disc bulge at L4-L5, evidence of a prior laminotomy at L5-S1, and scarring. Dr. Velasquez reviewed the MRIs and diagnosed a cervical strain and a lumbosacral strain with nerve root irritation at L5-S1.

Over a decade before the injury at issue here, in 1991 Mr. Gray suffered a work injury that was ruled compensable for a lumbar herniated disc at L5-S1. At the time of the 1991 injury, a bulging disc at L4-L5 was also discovered. In July of 1991, Mr. Gray

---

[1] Mr. Gray is self-represented. Performance Coal is represented by Sean Harter, Esq.

1

underwent a lumbar laminectomy at L5-S1.[2] Joseph Saldanha, M.D., determined that Mr. Gray had reached maximum medical improvement in September of 1992 for the injury, and documented a 20% whole person impairment for the injury. Dr. Saldanha also noted that Mr. Gray would need to see a pain specialist if his symptoms continued to persist.

In 2005, Prasadarao Mukkamala, M.D., examined Mr. Gray for the 2003 injury and found an additional 3% whole person impairment for the lumbar spine (above that awarded for the 1991 injury), and 5% whole person impairment for the cervical spine.

In 2008, John H. Schmidt, III, M.D., examined Mr. Gray for worsening pain symptoms. Dr. Schmidt explained that Mr. Gray had developed post-laminectomy syndrome due to the lumbar surgery in 1991, and recommended pain clinic treatment to manage the chronic symptoms.

After 2008, there is a gap in evidence of treatment until June 12, 2020, when Mr. Gray again saw Dr. Saldanha. At this visit, Mr. Gray explained that he had experienced severe left lower extremity radiculopathy after a coughing episode a month earlier. Dr. Saldanha noted Mr. Gray's previous surgery and opined he was now suffering from chronic failed back syndrome. A lumbar epidural injection was performed at L5-S1 at this visit.

Approximately five months later, on November 4, 2020, James Harman, D.O., saw Mr. Gray for symptoms that had worsened since his June coughing episode. Dr. Harman reviewed a lumbar MRI performed on August 3, 2020, and assessed low back and left leg pain secondary to an L4-L5 disc herniation. In an addendum, Dr. Harman recommended a revision laminectomy and microdiscectomy on the left at L4-L5, because rounds of injections given by Dr. Saldanha every few weeks had failed. Mr. Gray wished to proceed with the surgery. By order dated November 23, 2020, the claim administrator denied Dr. Harman's request for the surgery on the basis that it was needed as a result of an intervening event (coughing) and was unrelated to the work injury. Mr. Gray appealed, but ultimately, by order dated March 18, 2022, the Board affirmed the Office of Judges' decision. Mr. Gray's appeal of the Board's order regarding the denial of surgery is now pending before the Supreme Court of Appeals of West Virginia.

Mr. Gray now appeals the claim administrator's order dated January 21, 2022, denying Dr. Saldanha's request for lumbar epidural injections at L5-S1; lumbar facet injections at L3-L4, L4-L5, and L5-S1; and cervical facet injections at C5-C6, C6-C7, and C7-T1. The claim administrator denied the request finding the injections were aimed at treating a condition unrelated to the work injury. Further, the claim administrator noted that it had previously denied surgery at L4-L5 because it was also unrelated to the injury in the claim.

_____

[2] An operative report by A. C. Velasquez, M.D., dated July 19, 1991, indicates that surgery was conducted only at L5-S1.

On April 20, 2022, Dr. Saldanha wrote that he successfully treated Mr. Gray with neck and back injections after the injury in 2003. Dr. Saldanha noted that the cervical spine was not treated until after the 2003 injury, and that Mr. Gray had no treatments at the L3-L4 level before the 2003 injury.

By order dated September 23, 2022, the Board affirmed the claim administrator's order denying the cervical and lumbar injections.[3] In a brief analysis, the Board found that Mr. Gray's coughing episode in May 2020, as noted by Drs. Saldanha and Harman, was an intervening event that caused increased lumbar and leg symptoms. Thus, the Board affirmed the denial of the injections, finding they were not medically related and reasonably required for the compensable injury. Mr. Gray now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Gray argues that the claim administrator is required to provide him with medically related and reasonably required treatment for his compensable injuries. Mr. Gray asserts that injections by Dr. Saldanha had been approved in the past. In his argument, Mr. Gray contends that even if the herniated disc at L4-L5 was not work related, this fact

---

[3] The Board's order dated September 23, 2022, failed to provide the claim administrator's stated basis for denying the injections. This information would be reasonable for the Board to include in its order, and may be particularly important to the issue now before this court.

does not provide a proper basis to deny injections at other lumbar spine levels or in the cervical spine.

Based on a comparison of preinjury lumbar MRIs with imaging from November of 2007 and August of 2020, Mr. Gray contends that some conditions were not present until the 2003 injury. Further, he asserts that the 2020 MRI reveals a progression of disc degeneration, mild loss of disc height, and other conditions from L2 through L4. Mr. Gray asks that the Board's order be reversed and that the injections, which improve his quality of life, be authorized.

Countering Mr. Gray's arguments, Performance Coal contends that Mr. Gray's coughing fit in May 2020 was an independent intervening cause of increased low back and leg symptoms. Performance Coal asserts that the injections, if necessary at all, are related to Mr. Gray's noncompensable degenerative changes in his lumbar and cervical spine that were worsened by the coughing fit. Also, Performance Coal notes that Mr. Gray was suffering from chronic failed back syndrome related to surgery performed before the 2003 injury occurred. Thus, it argues that the increased symptoms are unrelated to the compensable injury in this claim. Further, noting that the injury in the 2003 injury claim was compensable for back and neck sprains/strains and a lower leg contusion, Performance Coal argues that West Virginia Code of State Rules §§ 85-20-35.5, 37.5 (2006) ("Rule 20") provide that the estimated duration of care for such injuries is one to four weeks, not to exceed eight weeks. Performance Coal asserts that the injuries in this claim are now nineteen years old, and that the Board's order is entirely consistent with Rule 20 and should be affirmed.

After review, we affirm the Board's determination that the injections were properly denied. However, we do so on alternate grounds. See Syl. Pt. 3, *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965) (holding appellate court may affirm on any legal ground disclosed by record). Mr. Gray is well past the treatment guidelines of Rule 20 for the compensable sprains/strains in this claim. Thus, the injections were properly denied for all levels of the lumbar spine and cervical spine.

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr