**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Respondent, Plaintiff below**

**v.) No. 24-73** (Cabell County 98-F-40)

**Michael E. Brown,**
**Respondent, Defendant below**

## MEMORANDUM DECISION

Petitioner Michael E. Brown appeals the January 3, 2024, order of the Circuit Court of Cabell County that essentially refused the petitioner's request for grand jury transcripts.[1] Upon our review, we conclude that the circuit court's decision should be affirmed, albeit on different grounds than specified in the order. Finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's decision is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner shot and killed two men in 1997 for which he was convicted of two counts of first-degree murder in March 1999. *See State v. Brown*, 210 W. Va. 14, 552 S.E.2d 390 (2001). Since then, his conviction was affirmed on appeal, *see id.*, and he has been denied relief in habeas corpus. *See Coleman v. Brown*, 229 W. Va. 227, 728 S.E.2d 111 (2012); *Brown v. Coleman*, No. 14-0134, 2014 WL 6607517 (W. Va. Nov. 21, 2014) (memorandum decision); *Brown v. Ames*, No. 21-0084, 2022 WL 1693755 (W. Va. May 26, 2022) (memorandum decision); *Brown v. Straughn*, No. 22-899, 2024 WL 313787 (W. Va. Jan. 25, 2024) (memorandum decision).

The petitioner wrote the circuit court requesting a copy of the transcript of the grand jury proceeding where he was indicted for the murders. On January 3, 2024, the circuit court entered an order advising that grand jury transcripts are not maintained in the circuit clerk's file, and to obtain a copy, the petitioner must submit a transcript request form to this Court's Administrative Office. On appeal, the petitioner argues that the January 3, 2024, order constitutes a denial of his request, but he asserts he is entitled to the transcript.

We observe that the circuit court was mistaken in advising the petitioner that he could obtain a grand jury transcript by submitting a transcript request form to the Administrative Office. Rule 6 of the West Virginia Rules of Criminal Procedure specifies the general rule of secrecy for grand jury proceedings, but permits disclosure in certain circumstances at the direction of the

---

[1] The petitioner is self-represented. The respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease Proper. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

1

circuit court. Nonetheless, to the extent that the circuit court's January 3, 2024, order constituted a denial of the petitioner's request for a grand jury transcript, we affirm. *See, e.g.,* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) (recognizing that this Court may affirm on any legal ground apparent from the record, regardless of the reason given by lower court). Neither the petitioner's request to the circuit court, nor his brief to this Court, provide a sufficient reason why the grand jury transcript should be provided. He speculates that there might have been error at the grand jury, but this does not provide a basis for looking behind a twenty-five-year-old indictment—especially for a conviction that has already been upheld on appeal and in multiple habeas corpus proceedings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 22, 2025

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

2