**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Mary Wenz,**
**Petitioner Below, Petitioner**

**v.) No. 24-240** (23-ICA-201)

**Rachel Hanna and Law Office of Rachel Hanna,**
**Respondents Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Mary Wenz appeals the memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the order of the Circuit Court of Greenbrier County that granted the respondent's renewed motion to dismiss.[1] *See Wenz v. Hanna*, No. 23-ICA-201, 2024 WL 1256372 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). The petitioner argues that the ICA erred in concluding that her claims were essentially unrecognized claims of alienation of affection and in declining to address the circuit court's alternate conclusion that the statute of limitations barred her claims. Although we conclude that the circuit court did have subject matter jurisdiction, we agree with the result of dismissal of this matter. We determine that oral argument is unnecessary and that a memorandum decision summarily affirming the dismissal of Ms. Wenz's claims for failure to state a claim upon which relief may be granted is appropriate. *See* W. Va. R. App. P. 21(c).

Respondent Rachel Hanna, a West Virginia attorney, is alleged to have represented Ms. Wenz, then a Virginia resident, in a potential lawsuit, with any attorney-client relationship concluding by an e-mail in October 2015. Ms. Wenz alleges that, at some point in time, Ms. Hanna began having an affair with Ms. Wenz's then-husband. Ms. Wenz also asserts that there was a series of contentious interactions between the three of them that allegedly continued for a significant amount of time. Meanwhile, Ms. Wenz and her then-husband obtained a divorce in Virginia. Ms. Wenz filed a civil complaint against Ms. Hanna and the Law Office of Rachel Hanna (collectively "the respondents") in the Circuit Court of Greenbrier County, that was subsequently amended, and the respondents moved to dismiss the amended complaint on a variety of grounds. The circuit court entered an order dismissing Ms. Wenz's lawsuit for lack of subject matter jurisdiction based on the nature of the claims and the Virginia divorce action and, alternatively, concluded that her claims were barred by the relevant statute of limitations. Ms. Wenz appealed to the ICA, and ICA affirmed the circuit court's dismissal of the action on a different basis, concluding that the circuit court lacked subject matter jurisdiction because Ms. Wenz's claims

---

[1] The petitioner is represented by counsel Jeffrey V. Mehalic. Rachel Hanna is self-represented and represents the Law Office of Rachel Hanna.

1

were substantively claims for alienation of affection, which are not recognized in West Virginia. The ICA declined to address the circuit court's statute of limitations ruling. Ms. Wenz appeals.

On appeal to this Court, Ms. Wenz asserts that the ICA erred by concluding that her claims were disguised claims for alienation of affection and that, therefore, the circuit court lacked subject matter jurisdiction. In addition, Ms. Wenz asserts that the ICA erred by declining to consider the circuit court's alternate ruling regarding the statute of limitations. We apply a de novo standard of review to an ICA decision from a circuit court's grant of a motion to dismiss. Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025). Further, it is well settled that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). Based on our review of the record and arguments of the parties we agree with the lower courts that this lawsuit should be dismissed; however, we conclude the circuit court had subject matter jurisdiction and, rather, determine that the matter should be dismissed for failure to state a claim upon which relief may be granted under West Virginia Rule of Civil Procedure 12(b)(6).[2]

Accordingly, we summarily affirm the ICA's decision affirming the circuit court's April 18, 2023, order dismissing this matter, as modified by this decision.

Affirmed.

**ISSUED:** June 24, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

[2] For different reasons, both lower courts concluded that the circuit court lacked subject matter jurisdiction over this matter. However, we fundamentally disagree that either lower court identified a subject matter jurisdiction concern. Under West Virginia Code § 51-2-2, the circuit court has general jurisdiction over all matters at law where the amount in controversy exceeds $7,500. There is no indication in the operative complaint that the damages alleged in this case would fall below the $7,500 threshold.