STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**
**May 20, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Stuart Roberts,**
**Respondent Below, Petitioner**

**vs.)  No. 19-1133** (Greenbrier County 17-D-174)

**Donna J. Roberts,**
**Petitioner Below, Respondent**


# MEMORANDUM DECISION


Petitioner Stuart Roberts, by counsel Paul S. Detch, appeals the Circuit Court of Greenbrier County's November 15, 2019, order denying his appeal and affirming the family court's order ruling that the parties' residence constituted marital property. Respondent Donna J. Roberts, by counsel Christine B. Stump, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on December 11, 1981, and respondent filed for divorce on August 24, 2017. During the divorce proceedings, the parties agreed to the ownership and distribution of various pieces of real and personal property, but they disagreed as to whether their marital residence (the "subject property"), which was conveyed during the parties' marriage to petitioner from his father, was petitioner's separate property or marital property subject to equitable distribution. The November 10, 2008, deed to the subject property reflects consideration paid in the amount of $105,000.

At the final divorce hearing held on August 27, 2019, petitioner maintained that the subject property was a gift from his father. Petitioner was asked to explain the listed consideration. Respondent's counsel objected on the ground that "the deed speaks for itself" and "to go behind the four corners of the document is inadmissible parol[] evidence." The family court permitted petitioner to answer the question but indicated it would "make a decision about it." Petitioner testified that when his father retired, his father divided his property between his children. Petitioner's father originally intended to give petitioner a different piece of property, but petitioner's "sister wanted [it] because it was beside a piece of property that she got. So, she paid

1

dad a hundred and five thousand dollars ($105,000.00) for that property and he deeded me this property. [Respondent and I] never paid a dime on that piece of property."

Petitioner also testified that no marital funds were used to improve the subject property. Although the roof was replaced, he testified that the replacement cost was paid with homeowner's insurance proceeds received due to storm damage. And, although respondent claimed that certain improvements were made, such as the addition of dog kennels, petitioner testified that the dog kennels added no value to the property and that he built the kennels with materials he hauled from a work site.

Respondent was asked whether she and petitioner spent $105,000 or any amount on the subject property. Respondent was unsure: "If we did, I—. . . I don't know if we did, I don't remember ever doing it." Respondent claimed that improvements were made to the subject property while the parties lived there, noting the roof replacement and the dog kennel construction, and she testified that she contributed her funds to maintaining the subject property and paying the insurance and taxes on it.

Petitioner's father, Jerry Roberts, testified over respondent's objection, which was again premised on Mr. Roberts's testimony "going one step further in parol[] evidence." The family court noted respondent's objection but permitted Mr. Roberts's testimony. Mr. Roberts testified that he "deeded [the subject property] to [petitioner], gave it to him." Mr. Roberts said that neither petitioner nor respondent paid him anything for the property. As for the consideration of $105,000 reflected on the deed, Mr. Roberts said that his daughter, petitioner's sister, paid him that sum in exchange for a different property, with the thought being that the payment would equalize the value of the respective pieces of property Mr. Roberts had given to his children.

Other pieces of real property that are not at issue in this appeal include one parcel deeded by third parties to petitioner and declaring consideration paid in the amount of $5,000 and a second parcel from Mr. Roberts to petitioner and respondent. The December 2003 deed to this latter parcel reflected that the "conveyance is free from the tax on the privilege of transferring real estate, for the reason it is a conveyance from parent to child and spouse, without consideration."

On September 3, 2019, the family court entered its "Divorce Order" granting the parties a divorce. Concerning the subject property, the family court recounted that petitioner "now tells the court that he did not pay anything for the property while the deed indicates that [he] declared under penalty of fine and imprisonment that he paid $105,000.00 as consideration for the property." "Without actually stating it, [petitioner] is trying to say a mutual mistake was made between himself and his father which allows the admission of parol evidence to vary the terms of the deed since the language of the declaration of value is not ambiguous at all." The court noted its "problem with that position."

The family court also found that it was "very convenient to now claim that the [subject] property was a gift so as to exclude" respondent from any marital interest in it, and it found that it "stands to reason that [petitioner's] father would corroborate" petitioner's position "given the opportunity." Additionally, the family court observed that the December 2003 deed to another piece of property from petitioner's father to both parties "clearly set[] forth that no consideration

2

was paid implying that the parties were very much aware of the . . . declaration of consideration paragraph in deeds." In view of this evidence, the family court determined that the acquisition of the subject property was a sale for consideration and that the acquisition took place during the marriage. As a result, the family court deemed the subject property to be marital property, and it directed that the subject property, as well as the property deeded in December of 2003 to both parties, be sold and that each party was entitled to one half of the equity in those properties after expenses.

Petitioner appealed the family court's order to the circuit court, arguing that the family court erred in deeming the subject property to be marital property. Petitioner recounted his father's testimony that petitioner's sister paid the $105,000 listed on the deed as consideration for the subject property. Petitioner argued that the fact that his father received $105,000 from a third party did not transform the subject property into marital property unless respondent had shown that she made a marital contribution to its purpose or added to its market value, which she had not.

On November 15, 2019, the circuit court denied petitioner's appeal. The court concluded that the deed between petitioner and his father was an unambiguous contract and that the parol evidence rule precluded the admission of extrinsic evidence to interpret that contract. This appeal followed.

Petitioner raises two assignments of error, each challenging the family court's classification of the subject property as marital property subject to equitable distribution. In petitioner's first assignment of error, he claims that the family court erred in not accepting the unrebutted testimony that petitioner's sister paid the consideration listed in the deed to the subject property and that the subject property was a gift to petitioner from his father. In petitioner's second assignment of error, he argues that the lower courts misapplied the parol evidence rule in making the classification.

> In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl. Pt. 1, *Zickefoose v. Zickefoose*, 228 W. Va. 708, 724 S.E.2d 312 (2012) (citation omitted).

In support of his first assignment of error, petitioner concedes that the subject property is presumptively marital property, but he argues that "prima facie does not standup [sic] against real evidence." Petitioner asserts that "[i]f there is only one fact situation offered, then the burden should shift to [respondent] to explain an alternative theory," and "[i]f the only choice for the [c]ourt is the one offered, the [c]ourt abuses its discretion if it adopts a hypothesis with no factual support." Petitioner further disputes that the deed reflects that he paid $105,000 to his father, despite the family court's finding that such was the case. Instead, he states that the deed provides that "under penalties of fine and imprisonment as provided by law, I hereby declare the total consideration paid for the real estate conveyed by the document to which this declaration is appended is $105,000," and is signed by Mr. Roberts.

3

West Virginia Code § 48-1-233(1) defines "marital property" to include

> [a]ll property and earnings acquired by either spouse during a marriage, including every valuable right and interest, corporeal or incorporeal, tangible or intangible, real or personal, regardless of the form of ownership, whether legal or beneficial, whether individually held, held in trust by a third party, or whether held by the parties to the marriage in some form of co-ownership such as joint tenancy or tenancy in common, joint tenancy with the right of survivorship, or any other form of shared ownership recognized in other jurisdictions without this state, except that marital property does not include separate property as defined in section 1-23[7].

As the subject property was acquired by petitioner during the parties' marriage, he correctly asserts that the subject property is presumptively marital. Petitioner asserts, though, that he overcame this presumption and established that the subject property was a gift and, therefore, his separate property. "Separate property" indeed includes "[p]roperty acquired by a party during marriage by gift, bequest, devise, descent or distribution." *Id.* § 48-1-237(4). Petitioner's argument goes astray, however, when he asserts that the family court was bound to accept his and his father's testimony that the subject property was a gift. To the contrary, "[i]t is within the sole province of the family court, as fact-finder, to decide issues of credibility, and this Court will not disturb those determinations." *Mulugeta v. Misailidis*, 239 W. Va. 404, 408-09, 801 S.E.2d 282, 286-87 (2017). Critically, "[e]ven where testimony is uncontroverted, a fact-finder is free to disregard such testimony if it finds the evidence self-serving, and not credible." *Id.* at 409, 801 S.E.2d at 287. Thus, the family court was not required to credit petitioner's and his father's testimony, even where that testimony was unrebutted. In the family court's assessment, it was "very convenient [for petitioner] to now claim that the [subject] property was a gift so as to exclude" respondent from any marital interest in it, and it "[stood] to reason that [petitioner's] father would corroborate" petitioner's position. These findings of fact are not clearly erroneous, particularly in light of the additional finding that petitioner's father, having gifted the parties property in the past, knew how to properly gift property if that had been his intention. Because the findings are not clearly erroneous, this Court will not set them aside, *id.* at 408, 801 S.E.2d at 286, and they supply sufficient justification for the family court's classification of the subject property as marital property that is subject to equitable distribution.

Because we find no error in the family court's classification of the subject property based upon petitioner's failure to overcome the presumption that the subject property was marital, we need not determine whether the family court erred in applying the parol evidence rule. While the family court applied that rule in its final order, it nevertheless allowed the testimony from petitioner and his father at the final hearing and, ultimately, made a determination as to the testimony's credibility that was independent of any application of the parol evidence rule. And because the court's credibility determination rendered petitioner's evidence insufficient to overcome the presumption that the property was marital, any claimed error in the family court's application of the parol evidence rule is insufficient to warrant reversal of the lower courts' classification of the subject property. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment

is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 20, 2021


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

5