# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Appalachian Aggregates, LLC, dba**
**Kelly Mountain Quarry,**
**Defendant and Third-Party**
**Plaintiff Below, Petitioner,**

**vs.)  No. 21-0869** (Kanawha County No. 20-C-112)

**Roger Wiss, Hardman Trucking, Inc.,**
**Charles W. Beckner, and**
**Flanigan Field Services, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Appalachian Aggregates, LLC, dba "Kelly Mountain Quarry" ("Appalachian") appeals the October 13, 2021, order of the Circuit Court of Kanawha County that granted summary judgment to respondent Hardman Trucking, Inc. ("Hardman"), and dismissed petitioner's claim for express indemnification from respondent.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. Proc. 21.

Petitioner is engaged in the business of road construction and other similar businesses. Respondent is in the business of trucking and hauling, and supplies motor trucks for hire. On March 27, 2019, Appalachian and Hardman entered into a "Trucking Agreement" wherein Hardman agreed "to haul for [Appalachian] such materials, supplies, equipment, etc. as shall be requested by [Appalachian during 2019] on public and private roads within . . . West Virginia upon the request of [Appalachian]." The Trucking Agreement contained an indemnification provision which provided that:

> [Appalachian] will not be liable for any loss or casualty incurred or caused by [Hardman]. [Hardman] shall hold [Appalachian] harmless from any and all liability, costs, damages, attorney fees and expenses from any claims or causes of action whatsoever arising directly or indirectly because of any action or failure to act by [Hardman], his/its representatives, employees and/or subcontractors.

---

[1] Petitioner is represented by Norman T. Daniels, Jr., and Thomas S. Sweeney. Respondent is represented by William R. Slicer and Michael D. Dunham.

Appalachian acknowledged in discovery that the indemnification provision applied only when Hardman was hauling material for Appalachian under the Trucking Agreement.[2]

On October 2, 2019, Hardman purchased "gabion stone" for one of Hardman's own customers from Appalachian. Appalachian loaded the stone onto two trucks employed by Hardman. Later that day, as the trucks were traveling on a public highway, a rock fell from one of the Hardman-employed trucks and smashed through the windshield of a car operated by Carol Sue Huffman, who was the plaintiff below. Huffman was struck in the head and severely injured. Huffman sued Appalachian and others alleging that Appalachian had "dangerously and improperly loaded" the trucks with stone and allowed them to be driven on public roadways with "the cargo in a dangerous and unsecured state."[3] Thereafter, Appalachian filed a third-party complaint against Hardman[4] alleging that Hardman was negligent because it failed to tarp the truckloads of stone. Appalachian also demanded express indemnification from Hardman under the Trucking Agreement. Huffman later amended her complaint to add Hardman as a defendant to her lawsuit. Following discovery, Huffman settled with Hardman[5] and Appalachian. Appalachian conceded that the settlements extinguished any claims it might have had for contribution or implied indemnification from the other defendants, including Hardman. However, Appalachian insisted that it was entitled to express indemnification from Hardman under the Trucking Agreement.

Hardman filed a motion for summary judgment asserting that Appalachian's express indemnity claim must fail as a matter of law because the October 2, 2019, incident was outside the scope of the 2019 Trucking Agreement. Hardman argued that express indemnity arises only from a written contract and that the indemnification clause in the Trucking Agreement applied only to operations connected to the performance of the Trucking Agreement and only when Hardman was hauling "materials, supplies, equipment, etc. as shall be requested by" Appalachian. Hardman pointed out that Appalachian admitted in discovery that the indemnification clause "does not impose an indemnity obligation unless Hardman is hauling for Appalachian . . . pursuant to the contract"; "Hardman was hauling stone for its own customer on October 2, 2019"; and, when the

---

[2] In request for admission No. 8, Hardman asked Appalachian to "[a]dmit that Paragraph 10 'Indemnification' in the contract . . . does not impose an indemnity obligation unless Hardman is hauling for Appalachian . . . pursuant to the contract[.]" Appalachian's response was "[a]dmit with the caveat that Defendant Appalachian is an additional insured under the policy of insurance issued to Hardman Trucking and is entitled to insurance coverage[.]"

[3] The plaintiff did not initially sue Hardman, despite one of the two trucks being owned by Hardman. The other truck used to haul the gabion stone, and retained by Hardman, was owned by Flanigan Field Services, LLC ("Flanigan"). The plaintiff alleged that the stone that injured her fell from the Flanigan truck. Therefore, in addition to Appalachian, the plaintiff sued Flanigan and the driver of the Flanigan truck, Charles W. Beckner.

[4] Appalachian also filed the third-party complaint against the driver of Hardman's truck, Roger Wiss.

[5] The plaintiff's settlement with Hardman encompassed all the parties working on behalf of Hardman: Flanigan Field Services; Beckner; and Wiss.

plaintiff was injured, Hardman was not hauling stone "in connection with the performance of [the T]rucking [A]greement."

On October 13, 2021, the circuit court granted summary judgment to Hardman and dismissed Appalachian's express indemnity claim. The court found no disputed question of material fact that the Trucking Agreement applied only when Hardman was hauling materials for Appalachian, and that on October 2, 2019, Hardman was not hauling materials for Appalachian.[6] Thus, Appalachian was not entitled to indemnification under the Trucking Agreement.

Appalachian now appeals. We review the circuit court's summary judgment order de novo to assess whether the record presented any genuine issues of material fact. Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Appalachian argues that the circuit court erred because its agreement with Hardman required Hardman to indemnify Appalachian for liability due to *any* action or failure to act by Hardman or those acting on its behalf. We disagree and find that Appalachian's argument is not supported by the record. Appalachian admitted below that (1) the indemnification provision in the Trucking Agreement "does not impose an indemnity obligation [upon Hardman] unless Hardman is hauling for Appalachian," and (2) the gabion stone being hauled by Hardman at the time of the accident was not done at Appalachian's request or for its benefit but solely for Hardman's own customer. Hence, on this record, Appalachian is not entitled to express indemnification. To compel Hardman to indemnify Appalachian from all liability would yield a result not intended by the parties' agreement. Accordingly, we find no error.

Affirmed.

**ISSUED:** December 6, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[6] The circuit court also found that any other interpretation of the agreement would be unconscionable to Hardman. While Appalachian challenges this finding, we need not address it. "We have consistently held that '[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.' Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W.Va. 246, 140 S.E.2d 466 (1965)." *Old Republic Ins. Co. v. O'Neal*, 237 W. Va. 512, 525, 788 S.E.2d 40, 53 (2016). In fact, the Court "may affirm a circuit court's decision on any adequate ground even if it is other than the one on which the circuit court actually relied." *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 59 n.8, 459 S.E.2d 329, 336 n.8 (1995).