# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**SHELIA HALLMAN-WARNER,**
**Plaintiff Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-38** (Cir. Ct. Kanawha Cnty. No. 18-C-1066)

**BLUEFIELD STATE COLLEGE**
**BOARD OF GOVERNORS,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Shelia Hallman-Warner appeals the Circuit Court of Kanawha County's July 8, 2022, "Order Denying Plaintiff's Petition to Invalidate Settlement." In that order, the circuit court concluded that the confidential release and settlement agreement entered into by the parties was a valid and enforceable agreement under West Virginia law. Bluefield State College Board of Governors ("Bluefield State") timely filed a response in support of the circuit court's order. Ms. Hallman-Warner filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hallman-Warner was a professor at Bluefield State. On August 20, 2018, Ms. Hallman-Warner, by counsel, filed the underlying complaint against Bluefield State alleging that its representatives intentionally provided false and misleading information to the county prosecutor in order to maliciously prosecute a misdemeanor charge against her for discharging a stun gun at the college. Bluefield State allegedly provided the false and misleading information in retaliation for Ms. Hallman-Warner voicing concerns about institutional management issues at the college.

On December 16, 2020, the parties participated in a court-ordered mediation. The parties mediated for three full days, finally agreeing near the close of business on December 18, 2020, that Ms. Hallman-Warner would immediately resign or retire; Bluefield State would pay an agreed upon monetary sum certain to Ms. Hallman-Warner and would pay

---

[1] Ms. Hallman-Warner is self-represented. Bluefield State is represented by Kelly C. Morgan, Esq., and Kristen V. Hammond, Esq.

1

for the mediator; the settlement agreement would be confidential to the extent allowed by law; and the settlement agreement would include a non-disparagement clause.

On January 19, 2021, Ms. Hallman-Warner executed a confidential release and settlement agreement memorializing the parties' agreement at mediation. Settlement checks were sent to her then counsel on February 2, 2021. On February 4, 2021, Ms. Hallman-Warner returned Bluefield State's tablet. On February 12, 2021, the circuit court entered an order dismissing the case, with prejudice, on the basis that the parties had reached a settlement of all claims. On February 16, 2021, the settlement checks were cashed.

On or about April 30, 2021, Ms. Hallman-Warner filed her pro se "Petition to Invalidate Settlement Agreement and Release." The petition is difficult to follow but the central theme appears to be that Ms. Hallman-Warner did not feel that the settlement properly held Bluefield State fully accountable for its perceived transgressions against her.

On May 27, 2021, Ms. Hallman-Warner's former counsel, Ryan Umina, at the request of the circuit court, filed a response to the petition. Mr. Umina stated that the "settlement was understood and agreed to by all parties after considerable contemplation" and that Ms. Hallman-Warner entered into the settlement because it was the best choice for her, all things considered. Mr. Umina noted that he was surprised that Ms. Hallman-Warner decided to move forward with her petition to invalidate the settlement.[2]

On June 3, 2021, Bluefield State filed its response to Ms. Hallman-Warner's petition. Bluefield State argued that Ms. Hallman-Warner could not invalidate a binding settlement agreement simply because she changed her mind.

On June 11, 2021, Ms. Hallman-Warner filed her "Response to Opposition of Petition to Invalidate Settlement Agreement" which consisted of eighteen pages of single-spaced type that is difficult to follow. On August 23, 2021, Ms. Hallman-Warner filed an "Amendment to Filings April 30, 2021 and June 08, 2021 Petition to Invalidate." In her amendment to filings, Ms. Hallman-Warner discussed, among other things, complaints about the college seal and other employment contracts at Bluefield State.

On July 8, 2022, the circuit court entered its "Order Denying Plaintiff's Petition to Invalidate Settlement," without holding a hearing. In its order, the court determined that the settlement agreement was a valid and enforceable agreement under West Virginia law and that there was no evidence of fraud, duress, or any other invalidating factors. It is from this order that Ms. Hallman-Warner appeals.

---

[2] Mr. Umina noted in his response that his observations were based upon information he learned at mediation, several hours of telephone calls with Ms. Hallman-Warner following mediation, and facts previously known or discussed thereafter.

Our standard of review is as follows:

> Where the issue of the enforceability of a settlement agreement requires the lower court to make findings of fact and apply contractual or other legal principles, this Court will review its order and the ultimate disposition under an abuse of discretion standard, its underlying factual findings under a clearly erroneous standard, and questions of law pursuant to a *de novo* review.

Syl. Pt. 2, *Triple 7 Commodities, Inc. v. High Country Mining, Inc.*, 245 W. Va. 63, 857 S.E.2d 403 (2021).

On appeal, Ms. Hallman-Warner asserts that the circuit court erred by denying her petition to invalidate the settlement.[3] Well-settled West Virginia precedent establishes that "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Mem'l Gardens,* 152 W. Va. 91, 159 S.E.2d 784 (1968). "A party to such settlement seeking to re-open the same on any of said grounds must distinctly allege and by clear and convincing evidence prove the particular facts, wherein such accident, mistake or fraud consists[.]" Syl. Pt. 3, in part, *Calwell v. Caperton's Adm'rs,* 27 W. Va. 397 (1886).

Here, Ms. Hallman-Warner fails to distinctly allege particular facts that would warrant setting aside the parties' settlement agreement. In her petition to invalidate the settlement agreement, Ms. Hallman-Warner asserts that Bluefield State's initial settlement offer at mediation of "zero and resign" demonstrates intimidation by Bluefield State that put her under duress. However, duress is not shown because one party to the contract has driven a hard bargain. *Mach. Hauling, Inc. v. Steel of W. Virginia*, 181 W. Va. 694, 699, 384 S.E.2d 139, 144 (1989) (citation omitted). Ms. Hallman-Warner also asserts in her petition to invalidate the settlement that she was "potentially" impaired due to a head injury sustained in 2012. Aside from the speculative nature of such an assertion, Ms. Hallman-Warner fails to explain how such a potential impairment impacted the validity of the settlement agreement. Further, Ms. Hallman-Warner asserts in her petition to invalidate

---

[3] Ms. Hallman-Warner asserts four assignments of error on appeal. However, her brief does not contain headings that correspond with the assignments of error. *See* W. Va. R. App. P. 10(c)(7). Further, it appears from Ms. Hallman-Warner's brief that this appeal presents a single issue and therefore her assignments of error have been consolidated. *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly.").

the settlement that the mediation took place a few weeks after she sat through a deposition that caused her to "relive painful times never subjected[.]" Disregarding the confusing nature of such an assertion, Ms. Hallman-Warner fails to explain how sitting through a deposition undermines the validity of a settlement agreement she entered into weeks later. The remainder of Ms. Hallman-Warner's petition to invalidate the settlement is either speculative, irrelevant to the issue that was before the circuit court, or does not allege facts that, even if true, would warrant setting aside the settlement.

Further, "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement does not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W.Va. 621, 625, 397 S.E.2d 910, 914 (1990). Ms. Hallman-Warner participated in three days of mediation that culminated in the agreement of essential terms on December 18, 2020. On January 19, 2021, Ms. Hallman-Warner executed a confidential release and settlement agreement memorializing the parties' agreement at mediation. In February of 2021, she returned the college's tablet and cashed the settlement checks. Accordingly, Ms. Hallman-Warner made a settlement and then acted affirmatively to enter into and effectuate the settlement. Further, it appears that Ms. Hallman-Warner sought to invalidate the settlement agreement simply because she had second thoughts about her decision to settle. This is made evident in her briefs before this Court, which largely center on Ms. Hallman-Warner's issues with Bluefield State that are wholly unrelated to the order on appeal. She even states that, "[t]he 'agreement' is not effective because [Ms. Hallman-Warner] has NOT moved beyond the wrongs of the past[.]" Ms. Hallman-Warner's second thoughts as to the wisdom of the settlement do not constitute good cause for setting it aside. Therefore, the circuit court did not abuse its discretion when it denied Ms. Hallman-Warner's petition to invalidate the settlement agreement.[4]

---

[4] As noted previously, in the order refusing to set aside the settlement, the circuit court found that there was "no evidence" of fraud, duress, or any other invalidating factors. Such a finding is erroneous insomuch as the circuit court did not provide Ms. Hallman-Warner with an opportunity to put on evidence. However, since the ultimate conclusion reached by the circuit court was correct, we affirm. *See* Syl. Pt. 3*, Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965) (explaining that the appellate court may affirm on any grounds that are apparent from the record). Ms. Hallman-Warner did not allege any facts in her April 30, 2021 petition that, even if true, would warrant setting aside the settlement.

Accordingly, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen