# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JULIAN LEE GREEN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-181**      (Cir. Ct. Ohio Cnty. No. CC-35-2023-C-AP-1)

**DAVID F. SCHAFFER**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Julian Lee Green appeals the April 18, 2023, order of the Circuit Court of Ohio County. Respondent David F. Schaffer timely filed a response.[1] Mr. Green did not file a reply. The issue on appeal is whether the circuit court erred in granting Mr. Schaffer's motion to dismiss Mr. Green's claim on the grounds of res judicata and collateral estoppel.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 8, 2021, Mr. Green and his neighbor Mr. Schaffer had a disagreement after it was determined through a survey that Mr. Green's fence was encroaching on Mr. Schaffer's property line. Mr. Green allegedly became violent, which led to Mr. Schaffer contacting the Wheeling Police Department. The police officers who arrived on the scene cited Mr. Green for unlawful injury to or destruction of property in violation of West Virginia Code § 61-3-30 (2004). Mr. Schaffer did not attend the hearing before the Magistrate Court of Ohio County, which resulted in the charges against him being dismissed.

Following the hearing, Mr. Green filed a complaint in the Magistrate Court of Ohio County against Mr. Schaffer and the two responding officers. In the complaint, Mr. Green alleged several causes of action against Mr. Schaffer including defamation, malicious prosecution, intentional infliction of emotional distress, and falsification of statements made in a police report. The magistrate court dismissed Mr. Green's case for failure to state a claim upon which relief can be granted, and he appealed to circuit court. Both Mr.

---

[1] Mr. Green is self-represented. Mr. Schaffer is represented by Thomas E. Buck, Esq.

1

Schaffer and the Police Department moved to dismiss the case in circuit court. By order dated November 22, 2022, the Circuit Court of Ohio County dismissed the complaint pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. After the circuit court dismissed the complaint, Mr. Green appealed to this Court, but failed to perfect his appeal in a timely manner resulting in dismissal of that appeal.[2]

On December 2, 2022, Mr. Green filed another complaint in the Magistrate Court of Ohio County, naming only Mr. Schaffer as a defendant. The complaint alleged that Mr. Schaffer violated West Virginia Code § 61-6-20 (1984)[3] by falsely reporting an emergency incident and that he caused Mr. Green mental and emotional harm. Mr. Schaffer moved to dismiss the complaint, and the magistrate court granted his motion. On January 9, 2023, Mr. Green appealed the decision of the magistrate court to circuit court. Mr. Schaffer again moved to dismiss Mr. Green's complaint, arguing that the magistrate court did not have jurisdiction, that West Virginia Code § 61-6-20 does not create a private cause of action in a civil lawsuit as it is a criminal statute, and that Mr. Green's claims were barred by collateral estoppel and res judicata. On April 17, 2023, Mr. Green filed a "Response to Motion to Dismiss" in which he requested an in-person hearing and alleged that Mr. Schaffer made false statements to police. On April 18, 2023, the Circuit Court of Ohio County entered an order dismissing the case, on the basis that that Mr. Green's claims were barred by res judicata and collateral estoppel because of his prior action against Mr. Schaffer. It is from this order that Mr. Green now appeals.

Our standard of review is as follows: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

On appeal, Mr. Green raises a single assignment of error. He argues that the circuit court wrongfully dismissed his case on the basis of res judicata and collateral estoppel.

Upon review of the record, we find that the circuit court erred in relying on res judicata and collateral estoppel as the basis for granting the motion to dismiss. However,

---

[2] Mr. Green's initial case against Mr. Schaffer, the City of Wheeling, Gerard Mitchell, and Josh Bolyard was docketed as 22-ICA-290. This Court dismissed the case on April 6, 2023, as Mr. Green failed to perfect his appeal by the deadline established in the Court's scheduling order.

[3] This Court notes that West Virginia Code § 61-6-20 is a criminal statute. The portion referenced by Mr. Green states: "A person is guilty of reporting a false emergency incident when knowing the information reported, conveyed, or circulated is false or baseless, he: (3) [r]eports to a law enforcement officer or agency the alleged occurrence of any offense or incident which did not in fact occur. . . ."

we nevertheless find that the record supports the dismissal of Mr. Green's claims against Mr. Schaffer, and we affirm on other grounds.

The Supreme Court of Appeals of West Virginia has set forth that before a lawsuit may be barred on the basis of res judicata:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction over the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

Syl. Pt. 4, in part, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997); *see also Conley v. Spillers*, 171 W. Va. 584, 588, 301 S.E.2d 216, 220 (1983) (noting that "the central inquiry on a plea of res judicata is whether the cause of action in the second suit is the same as in the first suit"). With respect to collateral estoppel, our Supreme Court has held "[b]ut where the causes of action are not the same, the parties being identical or in privity, the bar extends to only those matters which were actually litigated in the former proceeding, as distinguished from those matters that might or could have been litigated therein. . . ." *Conley*, 171 W. Va. 584, 301 S.E.2d 216 (1983), syl. pt. 2.

Here, Mr. Schaffer brought a separate action for falsely reporting an emergency incident pursuant to West Virginia Code § 61-6-20, while his first complaint involved claims for defamation, malicious prosecution, intentional infliction of emotional distress, and falsification of a police report. Because these claims are not identical, Mr. Green's case would not be barred by res judicata. Further, Mr. Green's claim alleging that Mr. Schaffer violated West Virginia Code § 61-6-20 was not previously litigated, and thus it would also not be barred by collateral estoppel.

However, as previously noted, we find that the dismissal of Mr. Green's claims was appropriate on other grounds. *See, e.g.*, Syl. Pt. 2, *Adkins v. Gatson,* 218 W. Va. 332, 333, 624 S.E.2d 769, 770 (2005) (citing Syl. Pt. 3 *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment."). In this case, Mr. Green's complaint alleged that Mr. Schaffer violated West Virginia Code § 61-6-20, a criminal statute which does not create a private cause of action for damages in a civil lawsuit against a private citizen. "False reporting" is not a valid claim in the context of a civil action. *See Sheliga v. Gassaway Public Library*, No. 19-0606, 2020 WL 2735527 (W. Va. May 26, 2020) (memorandum decision) (affirming order

granting motion to dismiss where petitioner brought an action for false reporting in a civil case). Thus, Mr. Green's claim should have been dismissed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure for failure to state a claim upon which relief could be granted.

Accordingly, we affirm the circuit court's April 18, 2023, order granting Mr. Schaffer's motion to dismiss.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear