**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **N.W.-1 and N.W.-2**

**No. 23-655** (Marion County CC-24-2022-JA-141 and CC-24-2022-JA-142)

## MEMORANDUM DECISION

Petitioner Father N.W.-3[1] appeals the Circuit Court of Marion County's June 27, 2023, order terminating his parental and custodial rights to N.W.-1 and N.W.-2, arguing that the circuit court erred in failing to impose a less restrictive dispositional alternative.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in November 2022, in which it alleged that the petitioner's incarceration following his arrest for murder constituted abandonment and rendered him unable to care for the children. The petitioner later stipulated to the allegation at an adjudicatory hearing in February 2023. Accordingly, the court adjudicated the petitioner of abusing and neglecting the children based upon his abandonment.

The matter came on for a final dispositional hearing in May 2023. The petitioner sought a continuance pending the outcome of his criminal trial scheduled for August 2023. Citing Rule 5[3] of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, the DHS

---

[1] The petitioner appears by counsel Michael Safcsak. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Diane D. Michael appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because the children and the petitioner share the same initials, we use numbers to differentiate them.

[3] That rule provides as follows: "Under no circumstances shall a child abuse and neglect proceeding be delayed pending the initiation, investigation, prosecution, or resolution of any other proceeding, including, but not limited to, criminal proceedings."

objected to a continuance. The court denied the motion. In support of disposition, the DHS presented a witness who testified that the petitioner was incarcerated for the entirety of the proceedings, had no visits with the children, and received no remedial services as a result of his incarceration. The petitioner requested disposition under West Virginia Code § 49-4-604(c)(5) because the children were in a kinship placement and so that he could seek modification after his criminal trial depending on the outcome. The court denied this request and terminated the petitioner's parental and custodial rights. In support, the court found that there was no reasonable likelihood that the petitioner could remedy the conditions of abuse and neglect in the future. The court additionally found that it was in the children's best interests to terminate the petitioner's rights. Accordingly, the court terminated the petitioner's parental and custodial rights to the children.[4] The petitioner appealed from the dispositional order. Subsequent to the filing of the petitioner's brief, the respondents provided supplemental updates to this Court in which they indicated that the petitioner was convicted of multiple crimes, including first-degree murder. The DHS indicated that the petitioner "will serve life imprisonment without parole."

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error in which he alleges that the circuit court should have granted him disposition under West Virginia Code § 49-4-604(c)(5). However, it is critical to note that the petitioner does not challenge the circuit court's findings upon which termination was based. Namely, that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of his rights was in the children's best interests. Circuit courts are permitted to terminate parental and custodial rights upon these findings, in accordance with West Virginia Code § 49-4-604(c)(6), and the petitioner's failure to challenge them in any way leaves him entitled to no relief. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)) ("Termination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected.").

We must, however, address the circuit court's reliance on the petitioner's incarceration as a basis for termination by noting the following:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

---

[4] The mothers' parental and custodial rights were also terminated. The permanency plan for the children is adoption in the current placement.

*In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 3. The record here shows that the circuit court failed to undertake this required analysis prior to terminating the petitioner's parental and custodial rights. However, that does not preclude this Court from undertaking its own analysis based upon the parties' updates. *See* Syl. Pt. 5, *In re A.F.*, 246 W. Va. 49, 866 S.E.2d 114 (2021) (quoting Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965)) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").

The circumstances of *In re A.F.* were almost identical to those presently before this Court. There, we found that a circuit court's analysis of the *In re Cecil T.* factors was lacking, in part, because it was based on evidence of the parent's *pre-trial* incarceration. *In re A.F.*, 246 W. Va. at 55, 866 S.E.2d at 120. However, despite finding that the circuit court's *In re Cecil T.* analysis was erroneous, we nonetheless noted that this was "not the end of our inquiry," given that the Court had sufficient information from the parties' updates to conduct its own *In re Cecil T.* analysis. *Id.* at 56, 866 S.E.2d at 121. Based on that analysis, the Court ultimately affirmed the termination of parental rights in that matter. *Id.* at 57, 866 S.E.2d at 122.

Here, the petitioner's argument that he could possibly correct the conditions of abuse and neglect because he believed he could be released from incarceration is entirely without merit, given his subsequent conviction and the reality that he will remain incarcerated for life. As we stated in *In re A.F.*, "the nature of the offense is an important factor that a court must consider when conducting a *Cecil T.* analysis." *Id.* at 55, 866 S.E.2d at 120. Given the serious nature of the offense and the length of the petitioner's incarceration, it is clear that application of the required factors supports the termination of the petitioner's parental and custodial rights. Further, termination of the petitioner's rights was clearly in the children's best interests, given that he will not be released from incarceration, the mothers' rights have been terminated, and the children are preparing for adoption. Accordingly, in consideration of all the necessary factors set forth in *In re Cecil T.*, we conclude that the petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 27, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 26, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice C. Haley Bunn

**CONCURRING, IN PART, AND DISSENTING, IN PART:**

Justice John A. Hutchison
Justice William R. Wooton

Wooton, Justice, concurring, in part, and dissenting, in part, joined by Justice Hutchison:

I concur with the majority's conclusion: "The record here shows that the circuit court failed to undertake . . . [the *In re Cecil T.*] required analysis prior to terminating the petitioner's parental and custodial rights." *See In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Specifically, in syllabus point three of *In re Cecil T.*, this Court unequivocally held

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, *the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it.* This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt.3 (emphasis added).

However, notwithstanding the clear directive in *In re Cecil T.* that the duty to evaluate the facts of a case rests with the circuit court and not with this Court, the majority goes on to decide the merits of the appeal – affirming the circuit court's termination of the petitioner father N.W.-3's parental rights – based on its own evaluation of factual information never presented below.

As set forth in my separate opinion in *In re A.F.*, 246 W. Va. 49, 866 S.E.2d 114 (2021), another case in which the circuit court had failed to do a proper *In re Cecil T.* analysis but the majority nonetheless affirmed:

> [T]he proper remedy for that error is vacation of the order and remand for adequate fact-finding and analysis by the circuit court. It is not the place of this Court to step into the adjudicatory role of the circuit court and preemptively resolve the case after finding error—particularly where additional, critical facts have been developed pending appeal. This Court has long held that "[w]hen the requisite procedure is not followed in an abuse and neglect case[ ] . . . the order resulting from such deviation will be vacated and the case will be remanded for entry of an order that satisfies the procedural

4

> requirements[.]" *In re Emily G.*, 224 W. Va. 390, 396, 686 S.E.2d 41, 47 (2009).

*In re A.F.*, 246 W. Va. at 57, 866 S.E.2d at 122 (Wooton, J., concurring, in part, and dissenting, in part).

Despite the clear directive in *In re Cecil T.* that the circuit court "shall evaluate" whether the child's best interests were served by terminating the petitioner's parental rights due to his incarceration, the circuit court did no such analysis. *See* 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt.3. Instead of vacating the legally infirm dispositional order and remanding the case to the court for the requisite evaluation of the evidence before it, the majority determines that it can simply "undertak[e] its own analysis based upon the parties' updates[,]" which indicate that the petitioner was convicted on August 15, 2024, of multiple crimes including first-degree murder, and, based upon the jury's failure to recommend mercy, the petitioner "will serve life imprisonment without parole."[1] However, the status updates[2] filed by the  guardian ad litem and the West Virginia Department of Human Services *in this Court* only contain information – *not evidence* – which critically was not even available at the time of the circuit court's decision.

Succinctly stated, the majority has again "determined that, despite the circuit court's failure to properly consider and apply the balancing test set forth in *Cecil T.*, the late-developed record is adequate to post-hoc affirm the petitioner's termination." *In re A.F.*, 246 W. Va. at 58, 866 S.E.2d at 123. As was the case in *In re A.F.*, "[t]here is simply nothing in the record before this Court which adequately salvages the circuit court's otherwise erroneous dispositional order terminating petitioner's parental rights." *Id.* at 60, 866 S.E.2d at 125. Accordingly, I respectfully dissent to the majority's affirmation of the court's termination of the petitioner's parental rights.

I do not suggest that upon consideration of the fully developed record as mandated by *In re Cecil T.*, the circuit court may not properly determine that termination of the petitioner's rights is in best interests of the children. *See* 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt.3. Rather, I dissent from the majority's determination that it can do its own factfinding on appeal rather than remanding the matter to the circuit court – the exclusive forum for factfinding in an abuse and neglect case.

For the foregoing reasons, I respectfully concur, in part, and dissent, in part. I am authorized to state that Justice Hutchison joins me in this separate opinion.

---

[1] At the time of the circuit court's decision, the evidence before the court was that the petitioner was incarcerated and was in jail awaiting trial on the charges of several crimes, including first-degree murder. The petitioner was adjudicated as abusing and neglecting based on this evidence as he voluntarily stipulated to abandonment due to his incarceration and inability to care for his children.

[2] The status updates were filed on September 27, 2024, and September 19, 2024, long after the circuit court's order, which is the subject of this appeal, was entered on June 27, 2023.