IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
June 11, 2025
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**COMMUNITY CONNECTIONS, INC.,**
**Employer Below, Petitioner**

**v.) No. 24-ICA-316**     (WorkForce W. Va. Bd. of Rev. Case No. R-2024-0586)

**KELLIE GUNNOE,**
**Claimant Below, Respondent**

**and**

**SCOTT A. ADKINS, in his capacity as Acting**
**Commissioner of WorkForce West Virginia,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Community Connections, Inc. ("Community Connections") appeals the July 11, 2024, decision of the WorkForce West Virginia Board of Review ("Board") which affirmed the decision of the administrative law judge ("ALJ") to grant respondent Kellie Gunnoe unemployment compensation benefits following her discharge from employment. Ms. Gunnoe filed a response.[1] Community Connections did not file a reply. Scott A. Adkins, in his capacity as the Acting Commissioner of WorkForce West Virginia ("WorkForce"), did not participate in this appeal.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds there is error in the Board's decision but no substantial question of law. For the reasons set forth below, a memorandum decision vacating the decision and remanding to the Board for further proceedings is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Community Connections is grant funded by the West Virginia Department of Health and Human Resources to provide direct emergency and family support services to local communities throughout Southern West Virginia. It has eight local community family support centers located in Putnam, Mason, Clay, Boone, Mingo, Greenbrier, Wyoming, and Raleigh Counties. Ms. Gunnoe was the Program Director of the Raleigh County family

---

[1] Community Connections is represented by David J. Mincer, Esq. Ms. Gunnoe is represented by Anthony M. Salvatore, Esq.

1

support center and was employed by Community Connections from August 14, 2022, until her termination on January 25, 2024.

After her termination, Ms. Gunnoe filed a claim for unemployment compensation benefits. On February 26, 2024, a claims deputy from WorkForce found Ms. Gunnoe was entitled to unemployment benefits because Community Connections failed to present evidence that she committed misconduct. Community Connections timely appealed the deputy's decision to an ALJ. The ALJ held a telephonic hearing on March 28, 2024, and issued a written decision on April 5, 2024, affirming the decision of the deputy. Community Connections appealed this decision to the Board and requested a new hearing arguing that the ALJ refused to admit significant documents into evidence. On May 9, 2024, the Board remanded the matter back to the ALJ for a de novo hearing. On May 23, 2024, the ALJ held a re-hearing during which Ms. Gunnoe, Community Connections' Executive Director Gary Puckett, Community Connections' Human Resources Director Natalie Keaton, Community Connections' family support center liaison Crystale Farmer, and Community Connections' Assistant Director Dr. Jamie Styons appeared and testified. Counsel for both Community Connections and Ms. Gunnoe also appeared.

At this hearing, Mr. Puckett testified that Ms. Gunnoe was discharged for insubordination. Mr. Puckett, who was Ms. Gunnoe's supervisor, detailed a series of incidents in which Ms. Gunnoe was disrespectful to him and blatantly refused to comply with workplace policy and directives. Ms. Keaton, Ms. Farmer, and Dr. Styons all similarly testified to multiple instances where Ms. Gunnoe was disrespectful and insubordinate to Mr. Puckett and where Ms. Gunnoe violated policies and procedures related to Community Connections' credit card policy limiting expenditures to $500 unless prior approval was obtained; its policy on timesheet submission for payroll purposes; its timekeeping policy; and its policy on submission of expenditure receipts for reimbursement. Ms. Gunnoe testified that these incidents were taken out of context, and she denied that she violated company policy.

On May 31, 2024, the ALJ issued a written decision that affirmed the decision of the deputy, found Ms. Gunnoe was not discharged for misconduct, and found she was qualified for unemployment compensation benefits. The ALJ held that Ms. Gunnoe never received any disciplinary warnings and that any of the insubordinate behavior that was alleged was Ms. Gunnoe simply advising her employer that she disagreed with its actions. The ALJ disregarded the corrective action plan attached to Community Connections' January 24, 2024, letter and held that Ms. Gunnoe did not commit any alleged instances of misconduct after this letter was issued. Community Connections appealed this decision to the Board, and the Board issued a decision on July 11, 2024, which adopted the findings of the ALJ and affirmed the ALJ's decision to grant Ms. Gunnoe unemployment benefits. It is from this order that Community Connections now appeals.

In this appeal, our standard of review is as follows:

The findings of fact of the Board of Review of [WorkForce West Virginia] are entitled to substantial deference unless a reviewing court believes the findings are clearly wrong. If the question on review is one purely of law, no deference is given and the standard of judicial review by the court is *de novo*.

Syl. Pt. 3, *Adkins v. Gatson*, 192 W. Va. 561, 453 S.E.2d 395 (1994).

On appeal, Community Connections asserts four assignments of error. First, it argues the Board erred in affirming the ALJ's decision that Ms. Gunnoe was not discharged for misconduct. Second, it argues the Board erred when it concluded Ms. Gunnoe had not been issued prior disciplinary warnings. Third, Community Connections argues the Board erred in concluding that the cover letter advising Ms. Gunnoe of her discharge did not state she was being discharged for misconduct when the evidence in the record showed a detailed, four-page corrective action plan was attached to that cover letter. Finally, it argues the Board erred when it relied on the fact that the numerous incidents of insubordination and policy violations did not occur immediately prior to Ms. Gunnoe's discharge.

Here, the decisions entered by the ALJ and the Board broadly determined that Ms. Gunnoe was not discharged for misconduct. The ALJ's decision, as affirmed by the Board, did not adequately discuss the contrasting reasons for terminating Ms. Gunnoe that were provided in the January 24, 2024, letter and the attached corrective action plan. Both of these documents were admitted into evidence and were given to Ms. Gunnoe on the date of her termination. The January 24, 2024, letter of termination generally stated that Ms. Gunnoe was being terminated because Community Connections was moving forward in a different direction. In contrast, the corrective action plan contained a detailed list of alleged misconduct committed by Ms. Gunnoe. In the May 31, 2024, decision, the ALJ made a finding of fact that "[i]n the January 24, 2024 letter of discharge, there were no allegations by the employer as to any inactions by the claimant or any acts of misconduct which resulted in the claimant's separation from employment." Based on this finding, it appears the ALJ did not consider the corrective action plan and instead relied on the January 24, 2024, letter of termination only. However, the ALJ's decision fails to state why the corrective action plan was disregarded.

Further, neither the decision by the Board nor the decision of the ALJ provide any meaningful analysis as to whether Ms. Gunnoe committed simple or gross misconduct. West Virginia Code § 21A-6-3 (2020) provides that an individual is disqualified from obtaining unemployment compensation benefits for certain periods of time and potentially entirely if the individual was terminated from their employment due to misconduct or gross misconduct. The determination as to whether Ms. Gunnoe committed misconduct is central to the issues on appeal, and the decisions of the ALJ and the Board failed to make clear findings of fact or conclusions of law to assist this Court in resolving these disputes. For these reasons, this Court is unable to determine if the Board relied on an incorrect legal or factual finding in making its determination that Ms. Gunnoe did not commit misconduct

because no meaningful findings were made. Therefore, we remand this matter to the Board with directions to address these issues through the entry of an amended order that contains sufficient findings of fact and conclusions of law related to the determination of whether simple misconduct, gross misconduct, or no misconduct was committed to permit meaningful appellate review, including the taking of additional evidence, if necessary.

Accordingly, the July 11, 2024, order is vacated, and the case is remanded to the Board for further proceedings consistent with this decision.

Vacated and Remanded for further proceedings.

**ISSUED:** June 11, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear

**DISSENTING:**

Judge S. Ryan White

WHITE, J., dissenting:

I respectfully dissent from the majority's decision to vacate and remand the decision of the administrative law judge which was adopted by the Board because while it may not accurately state all the facts and lacks analysis on simple misconduct, the conclusion that Ms. Gunnoe was not disqualified from receiving unemployment benefits remains correct. Accordingly, I would affirm the administrative law judge's May 31, 2024, decision.

The Supreme Court of Appeals of West Virginia has explained that a reviewing court "may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason, or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965); Syl. Pt. 2, *Adkins v. Gatson,* 218 W. Va. 332, 624 S.E.2d 769 (2005) (per curiam).

First, I will note that, despite Community Connections' argument that the administrative law judge erred by finding that Ms. Gunnoe's dismissal letter contains no allegations of misconduct, the administrative law judge is correct. The letter does not

4

mention misconduct at all. In fact, the letter states that Community Connections was dismissing Ms. Gunnoe because it had decided to go "in a new direction." However, the corrective action plan document that was attached to Ms. Gunnoe's dismissal letter contains numerous allegations of misconduct.

As the majority noted, the administrative law judge addressed the issue of gross misconduct in the decision on appeal (and found none), but did not address simple misconduct.

> For purposes of determining the level of disqualification for unemployment compensation benefits under West Virginia Code § 21A-6-3, simple misconduct is conduct evincing such willful and wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

Syl. Pt. 7, *Dailey v. Bd. of Rev., W. Va. Bureau of Emp't Programs,* 214 W. Va. 419, 589 S.E.2d 797 (2003).

With this definition in mind, a review of the corrective action plan attached to Ms. Gunnoe's dismissal letter demonstrates that the allegations contained therein, even if true, do not rise to the level of simple misconduct. Furthermore, the employer failed to issue Ms. Gunnoe a write-up for anything alleged in said corrective action plan before it terminated her employment. If an employer were of the opinion that an employee's conduct, as alleged in the corrective action plan, amounted to that described in the definition of "simple misconduct," a reasonable employer would have written up that employee.

Accordingly, as Ms. Gunnoe's conduct was neither simple nor gross misconduct, the administrative law judge and Board correctly found she should not have been disqualified from receiving unemployment benefits. Thus, the ultimate decision of the administrative law judge, which was adopted by the Board, was substantively correct even though the administrative law judge could have, procedurally, written a more thorough analysis in his final order. In sum, this Court could and should have affirmed the judgment of the lower tribunals because the judgment is correct for legal grounds disclosed by the record, regardless of the grounds actually assigned by the administrative law judge and the Board as the basis for their judgment.

For these reasons, I respectfully dissent.