**FILED**

**July 30, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Respondent, Plaintiff below**

**v.) No. 24-548** (Cabell County CC-06-1998-F-40)

**Michael E. Brown,**
**Petitioner, Defendant below**

## MEMORANDUM DECISION

Petitioner Michael E. Brown appeals the September 3, 2024, order from the Circuit Court of Cabell County that denied the petitioner's motion for a new trial.[1] Finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's decision is appropriate. *See* W. Va. R. App. P. 21(c).

The petitioner was convicted on two counts of first-degree murder in March 1999. *See State v. Brown*, 210 W. Va. 14, 552 S.E.2d 390 (2001). His conviction was subsequently affirmed on appeal, *see id.*, and his repeated attempts at seeking habeas corpus relief have been unsuccessful. *See Coleman v. Brown*, 229 W. Va. 227, 728 S.E.2d 111 (2012); *Brown v. Coleman*, No. 14-0134, 2014 WL 6607517 (W. Va. Nov. 21, 2014) (memorandum decision); *Brown v. Ames*, No. 21-0084, 2022 WL 1693755 (W. Va. May 26, 2022) (memorandum decision); *Brown v. Straughn*, No. 22-899, 2024 WL 313787 (W. Va. Jan. 25, 2024) (memorandum decision).

On August 30, 2024, the petitioner filed a motion for a new trial under Rule 33 of the West Virginia Rules of Criminal Procedure. In this motion, the petitioner alleges that newly discovered exculpatory evidence of deposition testimony taken from a confidential witness related to the petitioner's trial was presented to the Cabell County Prosecutor. This testimony allegedly showed that Mr. Matthew Fortner, a witness for the State at the petitioner's trial, was the actual perpetrator of the killings. The petitioner argued that this testimony should be considered *Giglio* material under *Giglio v. United States,* 405 U.S. 150 (1972),[2] and that this *Giglio* material warranted granting a

---

[1] The petitioner is self-represented. The respondent appears by Attorney General John B. McCuskey and Assistant Attorney General Mark L. Garren. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] In *Giglio,* the State's key witness, Robert Taliento, testified that he received no promises that he would avoid prosecution if he testified against the petitioner at trial. However, the petitioner subsequently discovered evidence that showed Mr. Taliento had indeed received a deal to avoid prosecution if he agreed to testify against the petitioner, and the State failed to disclose this

1

new trial, as the jury's verdict would have been different had they been presented this evidence. The petitioner attached excerpts from the confidential witness's deposition testimony and Mr. Fortner's trial testimony as exhibits to his motion.

The circuit court entered an order on September 3, 2024, denying the motion as improper, because it was "filed decades after a jury verdict had been entered." The court also noted that "[the petitioner] has since appealed the jury's verdict [and has also] had habeas proceedings, [all of which] were denied. Moreover, [the petitioner] has presented no credible evidence of deception of the court." It is from this order that the petitioner appeals.

On appeal, the petitioner asserts that the circuit court abused its discretion in denying the petitioner's Rule 33 motion for new trial in light of the *Giglio* material provided, in failing to "give a finding of the materiality" of the *Giglio* evidence presented, and in failing to provide any facts or conclusions of law in its order denying the motion for a new trial. In addressing this assignment of error, we note that a motion for new trial is subject to a three-pronged standard of review:

> We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, in part, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000). Rule 33 of the West Virginia Rules of Criminal Procedure provides in relevant part:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made only after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.

Since the verdict against the petitioner was entered twenty-five years ago, his Rule 33 motion for a new trial is timely only on grounds of newly discovered evidence. "Rule 33 requires that a motion for new trial, based on grounds other than newly discovered evidence, *be filed* 'within ten days after verdict or finding of guilty or within such further time as the court may fix during the ten-day period.'" *State v. Smith*, 226 W. Va. 487, 493, 702 S.E.2d 619, 625 (2010) (quoting W.Va. R. Crim. P. 33). *See also State v. Wilson*, No. 20-0528, 2021 WL 3833722, at \*4 (W. Va. Aug. 27, 2021) (memorandum decision) (finding no error in circuit court's denial of Rule 33

---

information at trial. The petitioner presented this newly discovered evidence with his motion for a new trial. The *Giglio* Court held that the State's failure to disclose this evidence warranted a new trial, as Mr. Taliento's deal to avoid prosecution affected his credibility, and "the jury was entitled to know of it." 405 U.S. at 155.

motion as time-barred where it did not assert newly discovered evidence and was filed more than eleven months after the petitioner's conviction).

To be newly discovered evidence, "[t]he evidence must appear to have been discovered since the trial," and it "must be new and material[.]" Syl. Pt. 1, in part, *State v. Crouch*, 191 W. Va. 272, 445 S.E.2d 213 (1994). The petitioner has not presented newly discovered evidence. This Court addressed this exact claim from the petitioner in a prior habeas action. *See Brown*, 2014 WL 6607517, at *2-4. In *Brown*, the petitioner appealed the circuit court's denial of his motion for a new trial, and we discussed whether this same deposition testimony from a confidential witness alleging that Mr. Fortner committed the murders constituted "newly discovered evidence" warranting a new trial under *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979). We ultimately agreed with the circuit court's conclusion that the confidential witness's testimony was insufficient to satisfy the *Frazier* test and, accordingly, affirmed the court's denial of the petitioner's motion for a new trial. *Brown*, 2014 WL 6607517, at *2-4. In the instant appeal, the petitioner presents an identical argument to that presented in *Brown*,[3] and, as such, we find that this evidence is not newly discovered evidence and the circuit court did not abuse its discretion in denying the petitioner's motion for a new trial.

The petitioner also contends that the circuit court's refusal to render facts and conclusions of law in the order was an abuse of discretion. However, the circuit court's findings are sufficient to support its conclusion that the petitioner's motion for a new trial was not timely and that the petitioner had not proven deception of the court. Even if the court's findings had been inadequate, the record supports affirming the court's ruling because the petitioner has presented no newly discovered evidence and likewise presented no evidence that the State deceived the trial court. *See* Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965) (holding that this Court may affirm on any legal ground apparent from the record, regardless of the reason given by lower court).

Lastly, we remind the petitioner that in his most recently decided appeal, this Court stated that the petitioner "has exhausted all avenues for review of his 1999 conviction, the attendant sentence, and his efforts to secure post-conviction relief" in West Virginia courts. *Brown*, 2024 WL 313787, at *2.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** July 30, 2025

**CONCURRED IN BY:**
Chief Justice William R. Wooton
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

[3] We note that, in *Brown*, the petitioner did not present the witness testimony as *Giglio* material as he does here, but this does not impact our decision to affirm the circuit court's order as the subject evidence is not newly discovered evidence.

3