# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MENGYANG LI,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-121**        (Cir. Ct. Jefferson Cnty. Case No. CC-19-2024-C-235)

**SHEPHERD UNIVERSITY,**
**Defendant Below, Respondent**

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mengyang Li appeals the February 18, 2025, order from the Circuit Court of Jefferson County, which granted Respondent Shepherd University's motion to dismiss. Respondent filed a response.[1] Petitioner filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

According to the record, this case is one of many lawsuits filed in state and federal court by petitioner against respondent. At their crux, these cases challenge respondent's decision to deny petitioner's promotion from the rank of an "Associate Professor" to the rank of a "Professor," as well as challenge respondent's later decision to terminate his employment. Petitioner claims he was denied the promotion and subsequently terminated because of respondent's retaliation stemming from employment grievances filed by petitioner, in addition to claiming discrimination and harassment based upon his age, race, or national origin.

Regarding the present case, petitioner filed his self-represented complaint in circuit court on November 6, 2024. While petitioner's causes of action are pleaded in vague terms, the complaint does mention age, race, national origin discrimination or harassment; violation of whistleblower laws; and retaliation for filing suits and grievances. To that end, the complaint raises the following claims:

1. Retaliation for [petitioner] releasing documents during the appeal of the dismissal of his previous state court action and for his prior complaints of

---

[1] Petitioner is self-represented. Respondent is represented by Tracey B. Eberling, Esq.

1

age, race and national origin discrimination, harassment and denial of his applications for promotion;

2. Retaliation and discrimination through Shepherd University's denial of [petitioner]'s promotion applications on May 3, 2017[,] and April 23, 2018[,] and revocation of tenure and termination on December 9, [2022];

3. Breach of contract through Shepherd University's denial of [petitioner's] promotion applications on May 3, 2017[,] and April 23, 2018[,] and terminating his employment on December 9, [2022];

4. Alleged wrongful conduct by Shepherd University President Mary Hendrix and other Shepherd administrators by rewarding persons who retaliated and discriminated against and harassed Plaintiff; and

5. Alleged conspiracy for Shepherd University employees to engage in retaliation/discrimination/harassment against [petitioner] from 2016 to December 2022.

On December 2, 2024, respondent filed a motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Respondent argued that several of petitioner's claims relied upon facts and allegations dismissed in petitioner's prior actions regarding the same facts and circumstances, several claims were barred by the statute of limitations, and that petitioner's pleadings did not satisfy the requisite elements for relief under any of his legal theories.

After receiving respondent's motion, the circuit court entered a scheduling order for briefing on the motion and submission of proposed orders. It is undisputed that petitioner did not respond to the motion to dismiss, file a proposed order, or otherwise attempt to oppose respondent's motion.[2]

On February 18, 2025, the circuit court entered the order presently on appeal, which adopted the proposed order submitted by respondent. The court's order used detailed findings to dispose of petitioner's claims. For example, the circuit court determined that petitioner's second and third claims were barred by res judicata because those claims raise acts of discrimination, which were previously adjudicated in state and federal court. Next, the court found that, to the extent the claims were based on alleged wrongdoing that occurred prior to November 6, 2022, petitioner's first, fourth, and fifth claims were barred

_____

[2] In the introductory paragraph of the February 18, 2025, final order, the circuit court states that in addition to the motion to dismiss, it reviewed "the response of the Plaintiff and the Defendant's reply." However, the docket sheet demonstrates that petitioner did not file a response to the motion to dismiss and Respondent did not file a reply.

by the applicable two-year statute of limitations. The court also determined that as alleged in petitioner's complaint, his first, fourth, and fifth claims failed to state a claim of retaliation, discrimination, or harassment regarding his failed promotion or termination under the West Virginia Human Rights Act and West Virginia Whistle-Blower Act. The court's order dismissed the case with prejudice and this appeal followed.

On appeal, petitioner raises a litany of errors to challenge the merits of the circuit court's ruling on respondent's motion to dismiss. Ordinarily, this Court would apply the following standard of review: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). However, we find that such a review is rendered unnecessary in this case because petitioner waived any appellate challenge to the court's order when he failed to comply with the circuit court's scheduling order by making no effort to file a written response opposing respondent's motion to dismiss.

In West Virginia, the necessity of preserving issues for appeal is well settled. In fact, our state's highest court recently revisited this paradigm in *State v. Costello*, 245 W. Va. 19, 857 S.E.2d 51 (2021), where it reiterated:

> In general, a party who has not raised a particular issue or defense below may not raise it for the first time on appeal. "Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with a near religious fervor." *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996). This Court stated in *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 216, 470 S.E.2d 162, 170 (1996):
>
>> To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a circuit court to the nature of the claimed defect. The rule in West Virginia is that parties must speak clearly in the circuit court, on pain that, if they forget their lines, they will likely be bound forever to hold their peace. . . . The forfeiture rule that we apply today fosters worthwhile systemic ends[,] and courts will be the losers if we permit the rule to be easily evaded. It must be emphasized that the contours for appeal are shaped at the circuit court level by setting forth with particularity and at the appropriate time the legal ground upon which the parties intend to rely.

Moreover, it has been noted that

"'[o]ne of the most familiar procedural rubrics in the administration of justice is the rule that the failure of a litigant to assert a right in the trial court likely will result' in the imposition of a procedural bar to an appeal of that issue." *State v. Miller*, 194 W. Va. 3, 17, 459 S.E.2d 114, 128 (1995), *quoting United States v. Calverley*, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), *cert. denied*, 513 U.S. 1196, 115 S. Ct. 1266, 131 L.Ed.2d 145 (1995). Our cases consistently have demonstrated that, in general, the law ministers to the vigilant, not to those who sleep on their rights. . . . When a litigant deems himself or herself aggrieved by what he or she considers to be an important occurrence in the course of a trial or an erroneous ruling by a trial court, he or she ordinarily must object then and there or forfeit any right to complain at a later time.

*State v. LaRock*, 196 W. Va. 294, 316, 470 S.E.2d 613, 635 (1996).

*Id.* at 26, 857 S.E.2d at 58.

In this case, it is clear from the record that petitioner failed to undertake any affirmative action to resist respondent's motion to dismiss in circuit court. Consequently, petitioner cannot establish from the record where any of his objections to the court's order were preserved for appeal. In other words, petitioner's lack of vigilance below is fatal to his present appeal. *See Smith v. Ball*, No. 24-ICA-26, 2024 WL 5003294, at *4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (internal quotations and citations omitted) (citation modified) ("Indeed, courts should strive to ensure that the diligent self-represented party does not forfeit any substantial rights by inadvertent omission or mistake. However, ultimately, the self-represented litigant must bear the responsibility and accept the consequences of any mistakes and errors."); *Haske v. Judge*, No. 23-ICA-50, 2024 WL 794601, at *3 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) (affirming circuit court's order and finding self-represented petitioner failed to preserve objections below for appellate review). Thus, the Court concludes that petitioner's challenges to the circuit court's ruling are waived, petitioner cannot establish error on appeal, and as a result, the circuit court's ruling must be affirmed. *See* Syl. Pt. 5, in part, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966) ("An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed[.]").[3]

---

[3] While we affirm based on petitioner's failure to preserve his arguments below, we caution that this decision should not be interpreted as an invitation to circuit courts to grant motions to dismiss simply because they are unopposed. A circuit court faced with an unopposed motion to dismiss must still engage in a meaningful 12(b)(6) analysis, as the circuit court did below.

Accordingly, we affirm the circuit court's February 18, 2025, order.[4]

Affirmed.


**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[4] *See* Syl. Pt. 3, *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965) (an appellate court "may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").